1  **LAW OFFICES OF RONALD**
   **A. MARRON, APLC**
2  RONALD A. MARRON (SBN 175650)
   MAGGIE K. REALIN (SBN 263639)
3  SKYE RESENDES (SBN 278511)
4  3636 4th Avenue, Suite 202
   San Diego, California 92103
5  Telephone: (619) 696-9006
   Facsimile: (619) 564-6665
6  *ron.marron@gmail.com*
7  *maggie.realin@yahoo.com*
   *skyer@san.rr.com*
8
   *Attorneys for Plaintiff*
9  *and the Proposed Class*

10
                    **UNITED STATES DISTRICT COURT**
11                  **SOUTHERN DISTRICT OF CALIFORNIA**

12  | | |
|---|---|
| KIM ALLEN, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SIMILASAN CORPORATION; and SIMILASAN AG<br><br>Defendants. | Case No.: **'12CV0376 BTM WMC**<br>CLASS ACTION<br><br>**COMPLAINT FOR:**<br><br>**VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750,** *et seq.*;<br><br>**VIOLATION OF THE UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200,** *et seq.*;<br><br>**VIOLATION OF THE FALSE ADVERTISING LAW, CAL. BUS. & PROF. CODE §§ 17500,** *et seq.*;<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

COMPLAINT

## INTRODUCTION

1. Plaintiff Kim Allen ("Plaintiff") by and through her attorneys of record, brings this action on behalf of herself, all others similarly situated, and the general public, against defendants Similasan Corporation and Similasan AG (collectively, "Defendants").

2. Defendants are the manufacturers and sellers of homeopathic products that are nothing more than placebos. Nonetheless, Defendants claim their homeopathic products work effectively and that they have provided healthy relief to millions of people for over 20 years. The complaint concerns Defendants' homeopathic products and especially those known as "Stress &Tension Relief," "Anxiety Relief," "Sleeplessness Relief," and "Ear Wax Relief" (collectively the "Products").

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2), as amended by the Class Action Fairness Act of 2005, because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which some members of the Class of plaintiffs are citizens of states different than defendants. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. Further, greater than two-thirds of the Class members reside in states other than the states in which Defendants are citizens.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because many of the acts and transactions, including the purchases and sales giving rise to this action, occurred in this district and because Defendants (i) are authorized to conduct business in this district, (ii) have intentionally availed themselves of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district; (iii) do substantial business in this district; (iv) advertise to consumers residing in this district, and (v) are subject to personal jurisdiction in this district.

## THE PARTIES

5. Plaintiff Kim Allen is a resident of Sarasota, Florida.

6. Defendants Similasan Corporation and Similasan AG are Colorado corporations that produce, market, and sell homeopathic products throughout the United States. Defendants' headquarters are in Colorado. Defendants do substantial business in California.

## FACTS

### A. Stress & Tension Relief

7. During the Class Period defined herein, Plaintiff Allen purchased Stress & Tension Relief from various Publix Supermarkets in Sarasota, Florida. Ms. Allen's individual purchases were approximately $10.00.

8. Defendants advertise Stress & Tension Relief with the claims that it "relieves symptoms of stress and simple nervous tension," "inner tension with palpitations," "inner tension with gastro-intestinal cramps and nervous constipation," "nervous digestive disorders," and is a remedy for "nervous sleeplessness, general irritability, and tension."

9. In purchasing Stress & Tension Relief, Plaintiff relied upon various representations Defendants made on the product's label and elsewhere, that the product "Soothes and Relaxes" and "Relieves Symptoms of Stress & Simple Nervous Tension," among other representations. The purportedly active ingredients in Stress & Tension Relief include *Asa foetida* 4X, *Crataegus* 4X, *Lycopus virginicus* 3X and *Passiflora* 4X. However, the active ingredients, even if they were otherwise effective, are ineffective due to extremely high dilutions, the ineffectiveness of active ingredients in relieving such symptoms, or both. Hence, Defendants' unfair and deceptive practices have enriched them to the tune of tens of millions of dollars, at the expense of tens of thousands of Americans.

10. Absent the misstatements described herein, Plaintiff would not have purchased Stress & Tension Relief.

11. Plaintiff seeks justice for herself and for similarly-situated consumers of Stress & Tension relief by means of this action to enjoin the ongoing deceptive practices described herein.

**B. Anxiety Relief**



12. During the Class Period defined herein, Plaintiff Allen purchased Anxiety Relief from various Publix Supermarkets in Sarasota, Florida.  Ms. Allen's individual purchases were approximately $10.00.

13. Defendants advertise Anxiety Relief with the claims that it "soothes and calms during anxiety-inducing situations or events," and helps the consumers "get through situations that cause [] mental and physical discomfort and for those who have ongoing stress in their lives."

14. In purchasing Anxiety Relief, Plaintiff relied upon various representations Defendants made on the product's label and elsewhere, that Anxiety Relief "Soothes and calms," "Relieves symptoms of apprehension, restlessness, and simple nervous tension," among other representations. The purportedly active ingredients in Anxiety Relief include *Argentum nitricum* 15X and *Strophantus gratus* 12X.  However, as with Stress & Tension Relief, the active ingredients, even if they were otherwise effective, are ineffective due to extremely high dilutions, the ineffectiveness of active ingredients in relieving such symptoms, or both.  Hence, Defendants' unfair and deceptive practices have enriched them to the tune of tens of millions of dollars, at the expense of tens of thousands of Americans.

15. Absent the misstatements described herein, Plaintiff would not have purchased Anxiety Relief.

16. Plaintiff seeks justice for herself and for similarly-situated consumers of Anxiety Relief by means of this action to enjoin the ongoing deceptive practices described herein.

### C. Sleeplessness Relief



17. During the Class Period defined herein, Plaintiff Allen purchased Sleeplessness Relief from various Publix Supermarkets in Sarasota, Florida. Ms. Allen's individual purchases were approximately $10.00.

18. Defendants advertise Sleeplessness Relief as a homeopathic formula that addresses "occasional sleeplessness and restlessness, specifically irregular or agitated sleep, difficulty in falling asleep, frequent waking and light sleep which may be accompanied by excessive dreaming."

19. In purchasing Sleeplessness Relief, Plaintiff relied upon various representations Defendants made on the product's label and elsewhere, that Sleeplessness Relief "Relieves symptoms of occasional sleeplessness & restlessness," serves as a "Night Time Sleep Aid" and is "Naturally effective and safe." The purportedly active ingredients in Sleeplessness Relief include *Avena sativa* 12X, *Hepar sulphuris* 12X, *Pulsatilla* 15X and *Zincum valerianicum* 12X. However, as with Stress & Tension Relief and Anxiety Relief, the active ingredients, even if they were otherwise effective, are ineffective due to extremely high dilutions, the ineffectiveness of active ingredients in relieving such symptoms, or both. Hence, Defendants' unfair and deceptive practices have enriched them to the tune of tens of millions of dollars, at the expense of tens of thousands of Americans.

20. Absent the misstatements described herein, Plaintiff would not have purchased Sleeplessness Relief.

1    21.    Plaintiff seeks justice for herself and for similarly-situated consumers of Sleeplessness Relief by means of this action to enjoin the ongoing deceptive practices described herein.

**D. Ear Wax Relief**

 

22.    During the Class Period defined herein, Plaintiff Allen purchased Ear Wax Relief from various stores in Sarasota, Florida, including Earth Origins Market (formerly known as the Granary Natural Food Stores.)  Ms. Allen's individual purchases were approximately $8.00.

23.    Defendants advertise Ear Wax Relief as a "Dual Action Formula" that "not only removes wax and cleans the ear, but also stimulates the body's natural ability to reduce chronic ear wax congestion (wax build-up)."  Further, Defendants represent this product will not cause dry skin or itching of the ear canal.

24.    In purchasing Ear Wax Relief, Plaintiff relied upon various representations Defendants made on the product's label and elsewhere that Ear Wax Relief "Removes wax, cleans ear, reduces chronic ear wax congestion," among other representations.  The purportedly active ingredients in Ear Wax Relief include *Causticum* 12X, *Graphites* 15X, *Lachesis* 12X and *Lycopodium* 12X.  However, as with Stress & Tension Relief, Anxiety Relief and Sleeplessness Relief, the active ingredients, even if they were otherwise effective, are ineffective due to extremely high dilutions, the ineffectiveness of active ingredients in relieving such symptoms, or both.  Hence, Defendants' unfair and deceptive practices have enriched them to the tune of tens of millions of dollars, at the expense of tens of thousands of Americans.

25.    Absent the misstatements described herein, Plaintiff would not have purchased Ear Wax Relief.

26. Plaintiff seeks justice for herself and for similarly-situated consumers of Ear Wax Relief by means of this action to enjoin the ongoing deceptive practices described herein.

### E. Other Similasan Homeopathic Products

27. In addition to the forgoing products — Stress & Tension Relief, Anxiety Relief, Sleeplessness Relief, and Ear Wax Relief, Defendants offer many more homeopathic products, advertising them as effective in addressing various health concerns and symptoms experienced by the consumers.

28. Plaintiffs have purchased some of these additional homeopathic products in reliance on Defendants' representations about the products' effectiveness. As with Stress &Tension Relief, Anxiety Relief, Sleeplessness Relief and Ear Wax Relief, Defendants' remaining homeopathic products purport to relieve various ailments and symptoms, but in fact are ineffective due to extremely high dilutions, the ineffectiveness of active ingredients in relieving such symptoms, or both.

29. Plaintiffs seek justice for similarly-situated consumers of Defendants' homeopathic products by means of this action to enjoin the ongoing deceptive practices described herein.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this class action for injunctive relief on behalf of the following classes:

- All purchasers of Similasan Corporation and Similasan AG's homeopathic products, for personal or household use and not for resale, in the United States from January 1, 2000 to the present; or, in the alternative;

- All persons located within any state that has consumer protection statutes which do not materially differ from California's consumer protection statutes, who purchased Similasan Corporation and Similasan AG's homeopathic products, for personal or household use and not for resale, at any time on or after January 1, 2000 (the "Class"), or in the alternative;

- All persons located within California who purchased Similasan Corporation and Similasan AG's homeopathic products, for personal or household use and not for resale, at any time on or after January 1, 2000 (the "Class").

6

COMPLAINT

31. Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is the Court, its staff and officers, and members of their immediate families.

32. The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes the total number of Class members is at least in the hundreds of thousands and members of the Class are numerous and geographically dispersed across the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

33. There is a well-defined community of interest in the questions of law and fact involved, affecting the Plaintiff and the Class and these common questions of fact and law include, but are not limited to, the following:

   a. Whether Defendants had adequate substantiation for their claims prior to making them;
   b. Whether the claims discussed above are true, misleading, or reasonably likely to deceive;
   c. Whether Defendants' alleged conduct violates public policy;
   d. Whether the alleged conduct constitutes violations of the laws asserted herein;
   e. Whether Defendants engaged in false or misleading advertising; and
   f. Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

34. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendants' common course of conduct since they all relied on Defendants' representations concerning the homeopathic products at issue and purchased the products based on those representations.

35. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation

in general and scientific claims in particular. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

36. Plaintiff and the members of the Class suffered, and will continue to suffer harm as a result of the Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

37. Adjudication of individual class members' claims with respect to Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

## FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT

**(By Plaintiff and on Behalf of the Class as Against All Defendants)**

38. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

39. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act"). Plaintiff is a consumer as defined by California Civil Code §1761(d). The Products are goods within the meaning of the Act.

40. Defendants violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Products:

(5)  Representing that [the Products have] … characteristics … uses [or] benefits … which it does not have … ***

(7)  Representing that [the Products are] of a particular standard, quality or grade… if [they are] of another. ***

(9)  Advertising a good… with intent not to sell it as advertised. ***

(16) Representing that [the Products have] been supplied in accordance with a previous representation when [it have] not.

41. Defendants' violated the Act by representing through its advertisements the Products as described above when they knew, or should have known, that the representations and advertisements were unsubstantiated, false and misleading.

42. Plaintiff and other members of the Class reasonably relied upon the Defendants' representations as to the quality and attributes of their Products.

43. Plaintiff and other members of the Class were deceived by Defendants' representations about the quality and attributes of their Products, including but not limited to the purported benefits of their Products, such as: "Relieves Symptoms of Stress & Simple Nervous Tension," "Sooths and Relaxes," "Sooths and calms," "Relieves symptoms of apprehension, restlessness, and simple nervous tension," "Relieves symptoms of occasional sleeplessness & restlessness," "Removes wax, clean ear, reduces chronic ear wax congestion," and "Naturally effective and safe," among other false claims. Plaintiff and other Class members would not have purchased the Products had they known the Defendants' claims were either unfounded or untrue, and the true nature of the Product.

44. Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of the Defendants.

/ / /

/ / /

9

COMPLAINT

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS

## CODE SECTIONS 17200 *ET SEQ.*

**(By Plaintiff and on Behalf of the Class as Against All Defendants)**

45. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

46. California Business and Professions Code §17200 prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendants have engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business and Professions Code §17200.

47. California Business and Professions Code §17200 also prohibits any "unlawful… business act of practice." Defendants have violated §17200's prohibition against engaging in unlawful acts and practices by, *inter alia*, making the representations and omissions of material facts, as set forth more fully herein, and violating California Civil Code §§1572, 1573, 1709, 1710, 1711, 1770, Business and Professions Code §17200 *et seq.*, California Health and Safety Code §110765, and the common law.

48. Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

49. California Business and Professions Code §17200 also prohibits any "unfair"… business act or practice."

50. Defendants' acts, omissions, misrepresentations, practices and nondisclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business and Professions Code §17200 *et seq.* in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

51. As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws in California and other states resulting in harm to

consumers. Plaintiff asserts violation of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of California Business and Professions Code §17200 *et seq*.

52. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

53. Business and Professions Code §17200 also prohibits any "fraudulent business act or practice."

54. Defendants' claims, nondisclosures and misleading statements, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of Business and Professions Code §17200.

55. Defendants' conduct caused and continues to cause substantial injury to Plaintiff and the other Class members. Plaintiffs have suffered injury in fact as a result of Defendants' unfair conduct.

56. Defendants have thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff to injunctive relief against Defendants, as set forth in the Prayer for Relief.

57. Additionally, pursuant to Business and Professions Code §17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to engage in a corrective advertising campaign.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17500 *ET SEQ.*

**(By Plaintiff and on Behalf of the Class as Against All Defendants)**

58. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

59. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact as a result of Defendants' actions as set forth herein. Specifically, prior to the filing of this action, Plaintiff purchased the Products in reliance upon Defendants' marketing claims. Plaintiff used the

Products as directed, but the Products have not worked as advertised, nor provided any of the promised benefits.

60. Defendants' business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to California Business and Professions Code section 17500, *et seq.* because Defendants have advertised Stress & Tension Relief, Anxiety Relief, Sleeplessness Relief, and Ear Wax Relief in a manner that is untrue and misleading, and that is known to be untrue or misleading.

61. Defendants' wrongful business practices have caused injury to Plaintiff and the Class.

62. Pursuant to section 17535 of the California Business and Professions Code, Plaintiff and the Class seek an order of this court enjoining Defendants from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in the complaint.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of herself, all others similarly situated and the general public, prays for judgment against all Defendants as to each and every cause of action, including:

A. An order declaring this action to be a proper Class Action and requiring Defendants to bear the costs of class notice;

B. An order awarding declaratory and injunctive relief as permitted by law or equity, including; enjoining Defendant from continuing the unlawful practices as set forth herein;

C. An order compelling Defendants to engage in a corrective advertising campaign to inform the public concerning the true nature of its products;

D. An order awarding attorneys' fees and costs to Plaintiff;

E. An order providing for all other such equitable relief as may be just and proper.

/ / /

/ / /

/ / /

/ / /

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: February 10, 2012            /s/ Ronald A. Marron
                                    By: Ronald A. Marron
                                    **LAW OFFICES OF RONALD A. MARRON, APLC**
                                    3636 4th Avenue, Suite 202
                                    San Diego, California 92103
                                    Telephone: (619) 696-9006
                                    Facsimile: (619) 564-6665
                                    *Attorneys for Plaintiffs and the Proposed Class*

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KIM ALLEN, on behalf of herself, all others similarly situated, and the general public,

**(b)** County of Residence of First Listed Plaintiff  **Sarasota**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
RONALD A. MARRON, 3636 4th Avenue, Suite 202, San Diego, California 92103, (619) 696-9006

## DEFENDANTS
SIMILASAN CORPORATION; and SIMILASAN AG

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
**'12CV0376 BTM WMC**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. §1332(d)(2)**
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 2/10/12
SIGNATURE OF ATTORNEY OF RECORD: /S/ Ron Marron

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____