**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron.marron@gmail.com*
MAGGIE K. REALIN (SBN 263639)
*maggie@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

***Attorneys for Plaintiffs
and the Proposed Class***

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

KIM ALLEN and LAINIE RIDEOUT, on behalf of themselves, all others similarly situated, and the general public,

          Plaintiffs,

v.

SIMILASAN CORPORATION; and SIMILASAN AG

          Defendants.

Case No.: 3:12-cv-376-BTM (WMC)
CLASS ACTION

**FIRST AMENDED COMPLAINT FOR:**

**VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750, *et seq*.;**

**VIOLATION OF THE UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, *et seq*.;**

**VIOLATION OF THE FALSE ADVERTISING LAW, CAL. BUS. & PROF. CODE §§ 17500, *et seq*.;**

**BREACH OF EXPRESS WARRANTY;**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; and**

**MONEY HAD AND RECEIVED, MONEY PAID, AND UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.    Plaintiffs Kim Allen and Lainie Rideout ("Plaintiffs") by and through their attorneys of record, bring this action on behalf of themselves, all others similarly situated, and the general public, against defendants Similasan Corporation and Similasan AG (collectively, "Defendants" or "Similasan").

2.    Defendants are the manufacturers and sellers of homeopathic products that are nothing more than placebos.  Nonetheless, Defendants claim their homeopathic products work effectively and that they have provided healthy relief to millions of people for over 20 years.  The complaint concerns Defendants' homeopathic products and especially those known as "Stress & Tension Relief," "Anxiety Relief," "Sleeplessness Relief," "Ear Wax Relief," "Nasal Allergy Relief," and "Sinus Relief," (collectively the "Products").

**JURISDICTION AND VENUE**

3.    This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2), as amended by the Class Action Fairness Act of 2005, because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which some members of the Class of plaintiffs are citizens of states different than defendants.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.  Further, greater than two-thirds of the Class members reside in states other than the states in which Defendants are citizens.

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because many of the acts and transactions, including the purchases and sales giving rise to this action, occurred in this district and because Defendants (i) are authorized to conduct business in this district, (ii) have intentionally availed themselves of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district; (iii) do substantial business in this district; (iv) advertise to consumers residing in this district, and (v) are subject to personal jurisdiction in this district.

**THE PARTIES**

5.    Plaintiff Kim Allen is a resident of Sarasota, Florida.

---

6.     Plaintiff Lainie Rideout is a resident of Hesperia, California.

7.     Defendants Similasan Corporation and Similasan AG are Colorado corporations that produce, market, and sell homeopathic products throughout the United States. Defendants' headquarters are in Colorado. Defendants do substantial business in California.

<u>**FACTS**</u>

**A. <u>Stress &Tension Relief</u>**



8.     During the Class Period defined herein, Plaintiff Allen purchased a 15-gram (0.529 oz.) box of Stress & Tension Relief globules from various Publix Supermarkets in Sarasota, Florida. Ms. Allen's individual purchases were approximately $10.00.

9.     Defendants advertise Stress & Tension Relief with the claims that it "relieves symptoms of stress and simple nervous tension," "inner tension with palpitations," "inner tension with gastro-intestinal cramps and nervous constipation," "nervous digestive disorders," and is a remedy for "nervous sleeplessness, general irritability, and tension."

10.     In purchasing Stress & Tension Relief, Plaintiff relied upon various representations Defendants made on the product's label and elsewhere, that the product "Soothes and Relaxes" and "Relieves Symptoms of Stress & Simple Nervous Tension," among other representations. The purportedly active ingredients in Stress & Tension Relief include *Asa foetida* 4X, *Crataegus* 4X, *Lycopus virginicus* 3X and *Passiflora* 4X. However, the active ingredients, even if they were otherwise effective, are ineffective due to extremely high dilutions, the ineffectiveness of active ingredients in relieving such symptoms, or both. Hence, Defendants' unfair and deceptive practices

1  have enriched them to the tune of tens of millions of dollars, at the expense of tens of thousands of

2  Americans.

3      11.    The Product did not work for Plaintiff as advertised by Defendants.

4      12.    Absent the misstatements described herein, Plaintiff would not have purchased Stress

5  & Tension Relief.

6      13.    Plaintiff seeks justice for herself and for similarly-situated consumers of Stress &

7  Tension relief by means of this action to enjoin the ongoing deceptive practices described herein.

8  **B.  Anxiety Relief**



14      14.    During the Class Period defined herein, Plaintiff Allen purchased a 15-gram (0.529

15

16  oz.) box of Anxiety Relief globules from various Publix Supermarkets in Sarasota, Florida.  Ms.

17  Allen's individual purchases were approximately $10.00.

18      15.    Defendants advertise Anxiety Relief with the claims that it "soothes and calms during

19  anxiety-inducing situations or events," and helps the consumers "get through situations that cause []

20  mental and physical discomfort and for those who have ongoing stress in their lives."

21      16.    In purchasing Anxiety Relief, Plaintiff relied upon various representations Defendants

22  made on the product's label and elsewhere, that Anxiety Relief "Soothes and calms," "Relieves

23  symptoms of apprehension, restlessness, and simple nervous tension," among other representations.

24  The purportedly active ingredients in Anxiety Relief include *Argentum nitricum* 15X and

25  *Strophantus gratus* 12X.  However, as with Stress & Tension Relief, the active ingredients, even if

26  they were otherwise effective, are ineffective due to extremely high dilutions, the ineffectiveness of

27  active ingredients in relieving such symptoms, or both.  Hence, Defendants' unfair and deceptive

28

1    practices have enriched them to the tune of tens of millions of dollars, at the expense of tens of

2    thousands of Americans.

3        17.    The Product did not work for Plaintiff as advertised by Defendants.

4        18.    Absent the misstatements described herein, Plaintiff would not have purchased

5    Anxiety Relief.

6        19.    Plaintiff seeks justice for herself and for similarly-situated consumers of Anxiety

7    Relief by means of this action to enjoin the ongoing deceptive practices described herein.

8    **C. Sleeplessness Relief**



15        20.    During the Class Period defined herein, Plaintiff Allen purchased a 15-gram (0.529

16    oz.) box of Sleeplessness Relief globules from various Publix Supermarkets in Sarasota, Florida.

17    Ms. Allen's individual purchases were approximately $10.00.

18        21.    Defendants advertise Sleeplessness Relief as a homeopathic formula that addresses

19    "occasional sleeplessness and restlessness, specifically irregular or agitated sleep, difficulty in

20    falling asleep, frequent waking and light sleep which may be accompanied by excessive dreaming."

21        22.    In purchasing Sleeplessness Relief, Plaintiff relied upon various representations

22    Defendants made on the product's label and elsewhere, that Sleeplessness Relief "Relieves

23    symptoms of occasional sleeplessness & restlessness," serves as a "Night Time Sleep Aid" and is

24    "Naturally effective and safe."  The purportedly active ingredients in Sleeplessness Relief include

25    *Avena sativa* 12X, *Hepar sulphuris* 12X, *Pulsatilla* 15X and *Zincum valerianicum* 12X.  However,

26    as with Stress & Tension Relief and Anxiety Relief, the active ingredients, even if they were

27    otherwise effective, are ineffective due to extremely high dilutions, the ineffectiveness of active

28

1   ingredients in relieving such symptoms, or both.  Hence, Defendants' unfair and deceptive practices

2   have enriched them to the tune of tens of millions of dollars, at the expense of tens of thousands of

3   Americans.

4          23.    The Product did not work for Plaintiff as advertised by Defendants.

5          24.    Absent the misstatements described herein, Plaintiff would not have purchased

6   Sleeplessness Relief.

7          25.    Plaintiff seeks justice for herself and for similarly-situated consumers of Sleeplessness

8   Relief by means of this action to enjoin the ongoing deceptive practices described herein.

9   **D.  Ear Wax Relief**

   

16          26.    During the Class Period defined herein, Plaintiff Allen purchased a 10 ml/ 0.33 oz.

17   bottle of Ear Wax Relief from various stores in Sarasota, Florida, including Earth Origins Market

18   (formerly known as the Granary Natural Food Stores.)   Ms. Allen's individual purchases were

19   approximately $8.00.

20          27.    Defendants advertise Ear Wax Relief as a "Dual Action Formula" that "not only

21   removes wax and cleans the ear, but also stimulates the body's natural ability to reduce chronic ear

22   wax congestion (wax build-up)."  Further, Defendants represent this product will not cause dry skin

23   or itching of the ear canal.

24          28.    In purchasing Ear Wax Relief, Plaintiff relied upon various representations Defendants

25   made on the product's label and elsewhere that Ear Wax Relief "Removes wax, cleans ear, reduces

26   chronic ear wax congestion," among other representations.  The purportedly active ingredients in Ear

27   Wax Relief include *Causticum* 12X, *Graphites* 15X, *Lachesis* 12X and *Lycopodium* 12X.  However,

28

as with Stress & Tension Relief, Anxiety Relief and Sleeplessness Relief, the active ingredients, even if they were otherwise effective, are ineffective due to extremely high dilutions, the ineffectiveness of active ingredients in relieving such symptoms, or both.  Hence, Defendants' unfair and deceptive practices have enriched them to the tune of tens of millions of dollars, at the expense of tens of thousands of Americans.

29.     The product failed to work for Plaintiff as advertised by Defendants.

30.     Absent the misstatements described herein, Plaintiff would not have purchased Ear Wax Relief.

31.     Plaintiff seeks justice for herself and for similarly-situated consumers of Ear Wax Relief by means of this action to enjoin the ongoing deceptive practices described herein.

**E.  Nasal Allergy Relief**



32.     During the Class Period defined herein, Plaintiff Rideout frequently purchased Nasal Allergy Relief from CVS and Walgreens pharmacies located in Victorville, California.   Ms. Rideout's individual purchases ranged from approximately $8.00 to $10.00.

33.     Defendants represent that Nasal Allergy Relief "soothes and relieves the symptoms of seasonal and environmental allergies," by "gently stimulat[ing] the body's natural ability to relieve allergic congestion, itchy, runny nose and rhinitis cause by pollen, pet dander dust and mold spores."

34.     Plaintiff Rideout purchased and used Nasal Allergy Relief for her seasonal allergies, usually occurring between April and October.  In purchasing Nasal Allergy Relief, Plaintiff relied upon various representations Defendants made on the product's packaging and their website, that Nasal Allergy Relief "ease[s] your allergy symptoms so you can better enjoy your day," relieves symptoms of "allergies accompanied by runny nose, itching and/or burning of the nose, watery eyes, sneezing and swollen mucous membranes (congestion)," "acute and chronic allergic rhinitis," "post nasal drip caused by allergies," and "sinus pressure caused by allergies."  The purportedly active ingredients in Nasal Allergy Relief include *Cardiospermum* 6X*, Galphimia glauca* 6X*, Luffa operculata* 6X and *Sabadilla* 6X.   However, as with Stress & Tension Relief, Anxiety Relief, Sleeplessness Relief and Ear Wax Relief, the active ingredients, even if they were otherwise effective, are ineffective due to extremely high dilutions, the ineffectiveness of active ingredients in relieving such symptoms, or both.  Hence, Defendants' unfair and deceptive practices have enriched them to the tune of tens of millions of dollars, at the expense of tens of thousands of Americans.

35.     The product did not work for Plaintiff as advertised by Defendants.

36.     Absent the misstatements described herein, Plaintiff would not have purchased Nasal Allergy Relief.

37.     Plaintiff seeks justice for herself and for similarly-situated consumers of Nasal Allergy Relief by means of this action to enjoin the ongoing deceptive practices described herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**F.  Sinus Relief**



38.     During the Class Period defined herein, Plaintiff Rideout frequently purchased Sinus Relief from CVS and Walgreens pharmacies located in Victorville, California.  Ms. Rideout's individual purchases ranged from approximately $8.00 to $10.00.

39.     Defendants represent that Sinus Relief "soothes and moisturizes your sinuses and relieves uncomfortable congestion," by "gently stimulat[ing] the body's natural ability to relieve sinus congestion and inflammation of the nasal passages while soothing irritating dryness."

40.     Plaintiff Rideout purchased and used Sinus Relief to relieve symptoms of cold, flu or for an occasional bout of sinusitis, usually a few times a year.  In purchasing Sinus Relief, Plaintiff relied upon various representations Defendants made on the product's packaging and their website that Sinus Relief "soothes & moisturizes," "relieves congestion," relieves symptoms such as "runny nose due to colds & flu," "inflammation of mucous membranes (rhinitis)," "sinus congestion" "nasal congestion," "post-nasal drip" and "irritating dryness of nasal passages."  The purportedly active ingredients in Sinus Relief include *Kali bichromicum* 6X*, Luffa operculata* 6X *and Sabadilla* 6X. However, as with Stress & Tension Relief, Anxiety Relief, Sleeplessness Relief, Ear Wax Relief and Nasal Allergy Relief,  the active ingredients, even if they were otherwise effective, are ineffective due to extremely high dilutions, the ineffectiveness of active ingredients in relieving such symptoms,

1  or both.  Hence, Defendants' unfair and deceptive practices have enriched them to the tune of tens of

2  millions of dollars, at the expense of tens of thousands of Americans.

3       41.    The product did not work for Plaintiff as advertised by Defendants.

4       42.    Absent the misstatements described herein, Plaintiff would not have purchased Sinus

5  Relief.

6       43.    Plaintiff seeks justice for herself and for similarly-situated consumers of Sinus Relief

7  by means of this action to enjoin the ongoing deceptive practices described herein.

8  **G.  Other Similasan Homeopathic Products**

9       44.    In addition to the forgoing products — Stress & Tension Relief, Anxiety Relief,

10 Sleeplessness Relief, Ear Wax Relief, Nasal Allergy Relief and Sinus Relief, Defendants offer many

11 more homeopathic products, advertising them as effective in addressing various health concerns and

12 symptoms experienced by the consumers.

13      45.    These other Similasan homeopathic products include:  Allergy Eye Relief, Dry Eye

14 Relief, Irritated Eye Relief, Stye Eye Relief, Computer Eye Relief, Kids' Cough Relief and Kids'

15 Cold & Mucus Relief.

16      46.    As with Stress & Tension Relief, Anxiety Relief, Sleeplessness Relief, Ear Wax

17 Relief, Nasal Allergy Relief and Sinus Relief, although the labels, packaging and other

18 advertisements for these additional homeopathic products state that they provide relief from multiple

19 symptoms, these products are ineffective due to extremely high dilutions, the ineffectiveness of

20 active ingredients in relieving such symptoms, or both.

21      47.    Plaintiffs seek justice for similarly-situated consumers of Defendants' homeopathic

22 products by means of this action to enjoin the ongoing deceptive practices described herein.

23                    **SPECIFIC MISREPRESENTATIONS,**

24              **MATERIAL OMISSIONS, AND DECEPTIVE FACTS**

25      48.    Defendants' advertising claims about the Products are and have been the subject of an

26 extensive and comprehensive, nationwide marketing campaign.

27      49.    Defendants primarily advertise and promote the Products for sale through the front of

28

pack and back of pack labeling claims.  The Products' names themselves clearly state what the ailments and symptoms the Products are designated for, for example "Stress & Tension Relief," "Anxiety Relief," "Sleeplessness Relief," "Nasal Allergy Relief," to name a few.  Label descriptions further clarify what each Product is supposed to do.  In purchasing the Products, Plaintiffs relied on the Products' names and label statements.

50.     Defendants also use the web site, http://www.similasanusa.com/, to advertise and promote the Products.

51.     Defendants advertise their Products as effective in relieving various symptoms and ailments, such as:  "inner tension with palpitations," "stress and simple nervous tension," "nervous sleeplessness, general irritability, and tension," "apprehension, restlessness, and simple nervous tension," "occasional sleeplessness & restlessness," "chronic ear wax congestion," "runny nose due to colds & flu," "sinus congestion" "nasal congestion," "sinus pressure caused by allergies," any many more.

52.     Defendants represent that "Similasan homeopathic products are formulated using traditional guidelines and produced according to strict Good Manufacturing Practices (GMP) by Similasan AG," but do not explain to consumers what the dilution levels of X, C, K and similar dilution levels mean, in a language understandable to an average consumer.  In fact, because of the dilutions of the purported active ingredients, Defendants' Products are nothing more than a placebo.

53.     Defendants' labeling and advertising claims are false and deceptive because Similasan's Products are composed of nothing more than sugar pellets onto which minute quantities of water have been absorbed.  The Products thus contain no active ingredients, and have no effect on ailments and symptoms they are advertised for, and in fact did not alleviate the ailments or symptoms for which Plaintiffs purchased them

54.     Defendants' labeling and advertising claims are further false and deceptive because there is no credible scientific evidence that Similasan's Products have any effect on various symptoms and ailments they purport to relieve.

/ / /

## CLASS ACTION ALLEGATIONS

55.     Plaintiff brings this class action for injunctive relief on behalf of the following classes:

- All purchasers of Similasan Corporation and Similasan AG's homeopathic products, for personal or household use and not for resale, in the United States from January 1, 2000 to the present; or, in the alternative;

- All persons located within any state that has consumer protection statutes which do not materially differ from California's consumer protection statutes, who purchased Similasan Corporation and Similasan AG's homeopathic products, for personal or household use and not for resale, at any time on or after January 1, 2000 (the "Class"), or in the alternative;

- All persons located within California and Florida who purchased Similasan Corporation and Similasan AG's homeopathic products, for personal or household use and not for resale, at any time on or after January 1, 2000 (the "Class").

56.     Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is the Court, its staff and officers, and members of their immediate families.

57.     The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, however, Plaintiffs believe the total number of Class members is at least in the hundreds of thousands and members of the Class are numerous and geographically dispersed across the United States.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

58.     There is a well-defined community of interest in the questions of law and fact involved, affecting the Plaintiffs and the Class and these common questions of fact and law include, but are not limited to, the following:

a.   Whether Defendants had adequate substantiation for their claims prior to making them;

b.   Whether the claims discussed above are true, misleading, or reasonably likely to deceive;

c.   Whether Defendants' alleged conduct violates public policy;

d.   Whether the alleged conduct constitutes violations of the laws asserted herein;

e.   Whether Defendants engaged in false or misleading advertising;

f.   Whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;

g.   Whether Plaintiffs and Class members are entitled to an award of punitive damages; and;

h.   Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

59.   Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all members of the Class have been similarly affected by Defendants' common course of conduct since they all relied on Defendants' representations concerning the homeopathic products at issue and purchased the products based on those representations.

60.   Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in handling complex class action litigation in general and scientific claims in particular. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

61.   Plaintiffs and the members of the Class suffered, and will continue to suffer harm as a result of the Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course

of conduct.   The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class members.  Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

62.     Adjudication of individual Class members' claims with respect to Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

### FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT

### (By Plaintiffs and on Behalf of the Class as Against All Defendants)

63.     Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained above as if fully set forth herein.

64.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act").  Plaintiffs are consumers as defined by California Civil Code §1761(d).  The Products are goods within the meaning of the Act.

65.     Defendants violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiffs and the Class which were intended to result in, and did result in, the sale of the Products:

(5)     Representing that [the Products have] … characteristics … uses [or] benefits … which it does not have … ***

(7)     Representing that [the Products are] of a particular standard, quality or grade… if [they are] of another. ***

(9)     Advertising a good… with intent not to sell it as advertised. ***

(16)    Representing that [the Products have] been supplied in accordance with a previous representation when [it have] not.

66.     Defendants' violated the Act by representing through its advertisements the Products as described above when they knew, or should have known, that the representations and advertisements were unsubstantiated, false and misleading.

67.     Plaintiffs and other members of the Class reasonably relied upon the Defendants' representations as to the quality and attributes of their Products.

68.     Plaintiffs and other members of the Class were deceived by Defendants' representations about the quality and attributes of their Products, including but not limited to the purported benefits of their Products, such as: "Relieves Symptoms of Stress & Simple Nervous Tension," "Sooths and Relaxes," "Sooths and calms," "Relieves symptoms of apprehension, restlessness, and simple nervous tension," "Relieves symptoms of occasional sleeplessness & restlessness," "Removes wax, clean ear, reduces chronic ear wax congestion," "Relieves allergic congestion, itching & runny nose" and "Soothe[s] and moisturize[s] your sinus and relieve[s] uncomfortable congestion," among other false claims.  Plaintiffs and other Class members would not have purchased the Products had they known the Defendants' claims were either unfounded or untrue, and the true nature of the Products.

69.     Pursuant to § 1782 *et seq.* of the Act, Plaintiff Allen notified Defendants in writing by certified mail of the particular violations of § 1770 of the Act as to Stress & Tension Relief, Anxiety Relief, Sleeplessness Relief and Ear Wax Relief, and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of their intent to so act.  Defendants' wrongful business practices regarding Stress & Tension Relief, Anxiety Relief, Sleeplessness Relief and Ear Wax Relief constituted, and constitute, a continuing course of conduct in violation of the California's Consumers Legal Remedies Act since Defendants are still representing that those products have characteristics, uses, benefits, and abilities which are false and misleading, and have injured Plaintiffs and the Class.  A copy of Plaintiff Allen's letter is attached as **Exhibit A** hereto.

70.     Pursuant to California Civil Code Section 1780(a), Plaintiffs and the Class seek an order of this court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive

business practices and any other act prohibited by law, and awarding Plaintiffs and the Class restitution and disgorgement and, with respect to Stress & Tension Relief, Anxiety Relief, Sleeplessness Relief and Ear Wax Relief, awarding Plaintiffs and the Class damages and punitive damages.

71.     Pursuant to California Civil Code §1782(d), Plaintiff Rideout and the Class seek a Court order enjoining the above-described wrongful acts and practices of the Defendants with respect to Nasal Allergy Relief and Sinus Relief.

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS
### CODE SECTIONS 17200 *ET SEQ.*

**(By Plaintiffs and on Behalf of the Class as Against All Defendants)**

72.     Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained above as if fully set forth herein.

73.     California Business and Professions Code §17200 prohibits any "unfair, deceptive, untrue or misleading advertising."  For the reasons discussed above, Defendants have engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business and Professions Code §17200.

74.     California Business and Professions Code §17200 also prohibits any "unlawful… business act of practice."  Defendants have violated §17200's prohibition against engaging in unlawful acts and practices by, *inter alia*, making the representations and omissions of material facts, as set forth more fully herein, and violating California Civil Code §§1572, 1573, 1709, 1710, 1711, 1770, Business and Professions Code §17200 *et seq*., California Health and Safety Code §110765, and the common law.

75.     Plaintiffs and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

76.   California Business and Professions Code §17200 also prohibits any "unfair"… business act or practice."

77.   Defendants' acts, omissions, misrepresentations, practices and nondisclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business and Professions Code §17200 *et seq.* in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

78.   As stated in this First Amended Complaint, Plaintiffs allege violations of consumer protection, unfair competition and truth in advertising laws in California and other states resulting in harm to consumers.   Plaintiffs assert violation of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.   This conduct constitutes violations of the unfair prong of California Business and Professions Code §17200 *et seq.*

79.   There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

80.   Business and Professions Code §17200 also prohibits any "fraudulent business act or practice."

81.   Defendants' claims, nondisclosures and misleading statements, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of Business and Professions Code §17200.

82.   Defendants' conduct caused and continues to cause substantial injury to Plaintiffs and the other Class members.   Plaintiffs have suffered injury in fact as a result of Defendants' unfair conduct.

83.   Defendants have thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiffs to injunctive relief against Defendants, as set forth in the Prayer for Relief.

84.     Pursuant to Business and Professions Code §17203, Plaintiffs seek an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to engage in a corrective advertising campaign.

85.     Plaintiffs also seek an order for the disgorgement and restitution of all monies from the sale of the Similasan's Products, which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS

### CODE SECTIONS 17500 *ET SEQ.*

**(By Plaintiffs and on Behalf of the Class as Against All Defendants)**

86.     Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained above as if fully set forth herein.

87.     Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact as a result of Defendants' actions as set forth herein.  Specifically, prior to the filing of this action, Plaintiffs purchased the Products in reliance upon Defendants' marketing claims.  Plaintiffs used the Products as directed, but the Products have not worked as advertised, nor provided any of the promised benefits.

88.     Defendants' business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to California Business and Professions Code section 17500, *et seq.* because Defendants have advertised Stress & Tension Relief, Anxiety Relief, Sleeplessness Relief, Ear Wax Relief, Nasal Allergy Relief and Sinus Relief, in a manner that is untrue and misleading, and that is known to be untrue or misleading.

89.     Defendants' wrongful business practices have caused injury to Plaintiffs and the Class.

90.     Pursuant to section 17535 of the California Business and Professions Code, Plaintiffs and the Class seek an order of this court enjoining Defendants from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in the First Amended Complaint.

91.     Plaintiffs also seek an order for the disgorgement and restitution of all monies from the sale of Similasan's Products, which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition.

## FOURTH CAUSE OF ACTION

### Breach of Express Warranty

### (On Behalf of Plaintiffs and all Class Members, as Against All Defendants)

92.     Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained above as if fully set forth herein.

93.     On the Products' labels and through their marketing campaign as described above, Defendants made affirmations of fact or promises, or description of goods, which were "part of the basis of the bargain," in that Plaintiffs purchased the Products in reliance on those statements, the warranty was breached, and that breach caused injury in the form of the lost purchase price for the Products.  *See* Cal. Com. Code §2313(1); *see also Zwart v. Hewlett-Packard Co*., 2011 WL 3740805 (N.D. Cal., Aug. 23, 2011) (holding that online assertions can create warranties).

94.     Defendants breached the express warranties, with Plaintiffs and the Class by not providing the Products which could provide the benefits described above.

95.     As a result of Defendants' breach of their warranties, Plaintiffs and the Class have been damaged in the amount of the purchase price of the products they purchased.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability
### (On Behalf of Plaintiffs and the Class, as Against All Defendants)

96.     Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained above as if fully set forth herein.

97.     Defendants, through their acts and omissions set forth herein, in their sale, marketing and promotion of the Products, made representations to Plaintiffs and the Class that the Products provide the claimed health benefits, among other representations.  Plaintiffs and the Class bought the Products manufactured, advertised and sold by Defendants.

98.     Defendants are merchants with respect to the goods of this kind which were sold to Plaintiffs and the Class, and there was in the sale to Plaintiffs and other consumers an implied warranty that those goods were merchantable.

99.     However, Defendants breached that warranty implied in the contract for the sale of goods in that the Products do not provide the purported claimed health benefits, as set forth in detail herein.

100.    As a result of Defendants' conduct, Plaintiffs and the Class did not receive goods as impliedly warranted by Defendants to be merchantable, in that they did not conform to the promises and affirmations made on the packaging or label of the goods.

101.    Plaintiffs and Class have sustained damages as a proximate result of the foregoing breach of implied warranty in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Money Had and Received, Money Paid and Unjust Enrichment

### (On Behalf of Plaintiffs and the Class as Against All Defendants)

102.    Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained above as if fully set forth herein.

103.    As a the result of Defendants' false and deceptive advertising, unfair, deceptive, untrue or misleading business practices and misrepresentations and in consideration thereof, during the relevant time period set forth above, Plaintiffs and the Class members paid money to and conferred a benefit upon Defendants in connection with Defendants' Products sold to Plaintiffs and class members, which monies were originally in the Class members' possession.

104.    Defendants received, retained or appropriated these benefits under such circumstances that it would be inequitable and unjust to permit Defendants to retain such monies at the expense of the Class members.  Defendants, as a result of such conduct, became indebted to Plaintiffs and the Class members for the sums paid to Defendants by Plaintiffs and Class members as set forth in detail above, with interest thereon.  No such sums have been paid to Plaintiffs and the Class members.

105.  In fairness, all such monies, including all interest Defendants have earned on such monies while in wrongful possession thereof, should be disgorged by Defendants and paid to Plaintiffs and members of the Class under principles of unjust enrichment.  No violation of law or public policy would be promoted by such relief.

106.  As a direct and proximate result of Defendants' conduct resulting in their unjust enrichment, Plaintiffs and Class members suffered injury, and therefore seek an order directing Defendants to return the amount each of them were improperly induced to pay to Defendants, plus interest thereon, as well as impose a constructive trust over such monies.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves, all others similarly situated and the general public, pray for judgment against all Defendants as to each and every cause of action, including:

A.  An order declaring this action to be a proper Class Action and requiring Defendants to bear the costs of class notice;

B.  An order awarding Plaintiff Allen and the proposed Class members damages in the amount to be determined at trial;

C.  An order awarding declaratory and injunctive relief as permitted by law or equity, including; enjoining Defendants from continuing the unlawful practices as set forth herein;

D.  An order awarding restitution and disgorgement of Defendants' revenues to Plaintiffs and the proposed Class members;

E.  An order compelling Defendants to engage in a corrective advertising campaign to inform the public concerning the true nature of its products;

F.  An order awarding attorneys' fees and costs to Plaintiffs;

G.  An award of punitive damages;

H.  An order providing for all other such equitable relief as may be just and proper.

///

///

1

## JURY DEMAND

2          Plaintiffs hereby demand a trial by jury on all issues so triable.

3

4  Dated: April 2, 2012                    /s/ Ronald A. Marron
                                           By: Ronald A. Marron
5                                          *ron.maron@gmail.com*
                                           ***Attorney for Plaintiffs and the Proposed Class***
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Law Offices of

# Ronald A. Marron

A Professional Law Corporation

3636 Fourth Avenue, Ste 202
San Diego, CA 92103

Tel: 619.696.9006
Fax: 619.564.6665

February 3, 2012

**Via: Certified Mail, (receipt acknowledgment with signature requested**

Similasan Corporation
Similasan AG
Attn: Legal Department
1745 Shea Center Drive, Suite 380
Highlands Ranch, CO 80129

*RE:  NOTICE: Violations of the California Consumer Legal Remedies Act and Duty
to Preserve Evidence*

Dear Sir or Madam,

**PLEASE TAKE NOTICE** that this letter constitutes notice under the California
Consumer Legal Remedies Act, ("CLRA"), California Civil Code Section 1750, *et seq.*,
(the "ACT") — pursuant specifically to Civil Code Section 1782 — notifying
**SIMILASAN CORPORATION and SIMILASAN AG** ("YOU" and "YOUR") of
violations of the Act and of our demand that YOU remedy such violations within thirty
(30) days from your receipt of this letter.

This firm represents Kim Allen, who purchased several products YOU distribute
in California and elsewhere. For example, Ms. Allen purchased Stress & Tension Relief,
Anxiety Relief, Sleeplessness Relief, and Ear Wax Relief (the "Products"). Ms. Allen
was exposed to and saw YOUR claims about the product, purchased the product in
reliance on those claims, and suffered injury in fact as a result of YOUR false and
misleading advertising.

YOU falsely market YOUR Products by putting false and misleading claims on
the labels. For example, YOU advertise Stress & Tension Relief with the claims that it
"relieves symptoms of stress and simple nervous tension," "inner tension with
palpitations," "inner tension with gastro-intestinal cramps and nervous constipation,"
"nervous digestive disorders," and is a remedy for "nervous sleeplessness, general
irritability, and tension." You advertise Sleeplessness Relief as a "night time sleep aid,"
and the label also makes claims that the product "relieves symptoms of occasional
sleeplessness and/or restless sleep," "difficulty in going to sleep and frequent waking

during the night," "disturbed sleep due to inability "to switch off", "tenseness and restlessness," "light sleep and excessive dreaming," among other representations. You advertise Anxiety Relief with the claims that it "soothes and calms," "relieves symptoms of apprehension, restlessness, and simple nervous tension associated with anxiety," among other representations. You advertise Ear Wax Relief for "relief of chronic ear wax congestion" and claim it "removes wax," among other representations. In fact, the Products do not prove relief as advertised. The purported active ingredients in Ear Wax Relief are Causticum for itching and wax build-up; Graphites for dryness and wax build-up; Lachesis for dryness and wax build-up; and Lycopodium for wax build-up. The purported active ingredients in Anxiety Relief are Argentum nitricum for anxiety, apprehension and nervousness; and Strophanthus gratus for nervousness and palpitations. The purported active ingredients in Sleeplessness Relief are Avena sativa for sleeplessness, nervousness; Hepar sulphuris for restlessness; Pulsatilla for irregular/agitated sleep; and Zincum valerianicum for sleeplessness. The purported active ingredients in Stress & Tension Relief are Asa foetida for apprehension, irritability, and restlessness; Crataegus for nervousness and restless sleep; and Lycopus virginicus for inner tension and palpitations; and Passiflora for restless sleep from exhaustion.

In summary, YOU claim that YOUR products contain active ingredients that will alleviate the symptoms indicated above. In fact, even if YOUR products contain the purportedly active ingredients as listed above, those ingredients are so greatly diluted as to be non-existent in the product, such that the product is ineffective for its intended uses. Further, YOUR products are essentially sugar pills with no efficacy beyond a placebo.

A reasonable consumer would have relied on the deceptive and false claims made in YOUR advertisements and through the exercise of reasonable diligence would not have discovered the violations alleged herein because YOU actively and purposefully concealed the truth regarding your products or services.

In conclusion, YOUR material misrepresentations are deceiving customers into purchasing YOUR products under the representation that they provide significant health benefits, when in fact they do not.

Please be advised that the alleged unfair methods of competition or unfair or deceptive acts or practices in violation of the CLRA include, but are not necessarily limited to:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

YOU have failed to honor your consumer protection obligations. Based upon the above, demand is hereby made that YOU conduct a corrective advertising campaign and destroy all misleading and deceptive advertising materials and products.

Please be advised that your failure to comply with this request within thirty (30) days may subject you to the following remedies, available for violations of the CLRA, which will be requested in the first amended class action complaint on behalf of our client, Ms. Kim Allen, and all other similarly-situated California and U.S. residents:

(1) The actual damages suffered;

(2) An order enjoining you for such methods, acts or practices;

(3) Restitution of property (when applicable);

(4) Punitive damages;

(5) Any other relief which the court deems proper; and

(6) Court costs and attorneys' fees.

Additionally, I remind you of your legal duty to preserve all records relevant to such litigation. See, e.g., *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D 162, 175 (S.D.N.Y 2004); *Computer Ass'n Int'l v. American Fundware, Inc.*, 133 F.R.D. 166, 168-69 (D. Colo. 1990). This firm anticipates that all e-mails, letters, reports, internal corporate instant messages, and laboratory records that related to the formulation and marketing of YOUR products will be sought in the forthcoming discovery process. You therefore must inform any employees, contractors, and third-party agents (for example product consultants and advertising agencies handling your product account) to preserve all such relevant information.

In addition, California Civil Code Section 1780 (b) provides in part that: "Any consumer who is a **senior citizen or a disabled person**, as defined in subdivision (f) and (g) of Section 1761, as part of an action under subdivision (a), may seek and be awarded, in addition to the remedied specified therein, up to **five thousand dollars** ($5,000)... [emphasis added]".

I look forward to YOU taking corrective action. Thank you for your time and consideration in this matter.

Sincerely,

THE LAW OFFICES OF RONALD A. MARRON APLC

/s/ Ronald A. Marron
Ronald A. Marron
Attorney for Kim Allen,
and all others similarly situated

**U.S. Postal Service** (TM)
**CERTIFIED MAIL** (TM) **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7009 1680 0001 2306 3422

Sent To _Similasan Corporation_
Street, Apt. No.; or PO Box No. _1745 Shea Center Drive #380_
City, State, ZIP+4 _Highlands Ranch CO 80129_

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Similasan Corp.
Similasan AG
Attn Legal Department
1745 Shea Center Drive
Ste 380
Highlands Ranch Co 80129

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Krystyna Cisneros_    ☑ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Krystyna Cisneros_   2-6-12

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

FEB 9 2012

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7009 1680 0001 2306 3422

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540