# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN and LAINIE RIDEOUT, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiff,<br>v.<br>SIMILASAN CORPORATION and SIMILASAN AG,<br><br>Defendants. | Case No. 12cv0376-BTM-WMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On April 18, 2012, Defendant Similasan Corporation ("Defendant" or "Similasan") filed a motion to dismiss or strike Plaintiffs' First Amended Complaint ("FAC") (ECF No. 14). For the reasons below, Defendants' motion is hereby **GRANTED**, but its request for reasonable attorney's fees is **DENIED**. The Court **DISMISSES** the FAC with leave to amend within twenty-one (21) days.

//
//
//
//
//
//
//

## I. BACKGROUND

Plaintiffs Kim Allen and Lainie Rideout ("Plaintiffs") filed the FAC against Similasan Corporation and Similasan AG on April 2, 2012, alleging, *inter alia*, violations of California's Consumers Legal Remedies Act ("CLRA"), California Unfair Competition Law ("UCL"), California False Advertising Law ("FAL"), breach of express and implied warranties, and unjust enrichment. Similasan AG has since been dismissed by joint motion of the parties. (See ECF No. 25.)

Plaintiff Kim Allen is a resident of Florida. Plaintiff Lainie Rideout is a resident of California. Defendant Similasan Corporation markets and sells homeopathic products throughout the United States. Plaintiffs allege that they purchased various products[1] on the basis of unsubstantiated advertising claims made by Defendant on the products' packaging and on Defendant's website, and that Defendant was unjustly enriched thereby.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court

---

[1] In the FAC, it is alleged that Plaintiff Allen purchased the following Similasan products: Stress & Tension Relief, Anxiety Relief, Sleeplessness Relief, and Earwax Relief. See FAC ¶¶ 8-31. It is alleged that Plaintiff Rideout purchased Nasal Allergy Relief and Sinus Relief. Id. at ¶¶32-43.

to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks omitted).

### III. **DISCUSSION**

Plaintiffs assert six causes of action: (1) violation of the CLRA, (2) violation of the UCL, (3) violation of the FAL, (4) breach of express warranty, (5) breach of implied warranty of merchantability, and (6) money had and received, money paid and unjust enrichment.

In its motion to dismiss, Similasan argues, *inter alia*, that Plaintiff Rideout was improperly joined, that the Court has no personal jurisdiction over Similasan as to Plaintiff Allen's claims, that both Plaintiffs lack standing as to particular claims, that Plaintiffs' FAC has failed to meet certain pleading requirements, and that Plaintiff Allen's class allegations should be stricken because her claims are not typical of the class. Similasan also requests reasonable attorneys' fees, alleging that the lawsuit was brought in bad faith.

The Court addresses each of these arguments in turn.

A. Improper Joinder

Similasan argues that Plaintiff Rideout was improperly joined into this action in the FAC because her claims involve different products and arise out of different transactions, with no questions of law or fact common to both sets of claims. Federal Rule of Civil Procedure 20 allows the permissive joinder of plaintiffs where: (1) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action. Fed.R.Civ.P. 20(a)(1).

The Supreme Court and Ninth Circuit have both made clear that Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final

determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). See also United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966) ("Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.")

With that guidance in mind, the Court holds that Plaintiff Rideout was not improperly joined. While the concept of a "series of transactions or occurrences" is a fluid one, a broad reading of the language, as mandated by the case law, easily encompasses transactions in which both plaintiffs purchased Similasan's products on the basis of allegedly false claims by the defendant.

### B. Personal Jurisdiction

Defendant Similasan also argues that the Court does not have personal jurisdiction over it. California's long-arm statute allows a court to exercise personal jurisdiction "to the full extent permitted by due process." Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000); see Cal. Civ. Code § 410.10. A court has general personal jurisdiction where the defendant has "substantial" or "continuous and systematic" contacts with the forum state, such that the defendant may be haled into court for any action therein. See id. The defendant has offered evidence that it is a Colorado-based company that has no presence in California aside from limited sales through a handful of retailers, and the plaintiffs have not alleged any facts which contradict this. Therefore, the Court finds that the defendant has insufficient ties to establish general jurisdiction.

With regard to specific jurisdiction, it exists where "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." Id. Defendant draws attention to the second

prong, arguing that Plaintiff Allen's claims should be dismissed for lack of jurisdiction because she alleges that she bought Defendant's products in Florida.

The plaintiffs argue that the Court should hear Plaintiff Allen's claims because they are related to Plaintiff Rideout's claims, insofar as they involve allegations that Similasan engaged in deceptive marketing practices. Under the doctrine of pendent personal jurisdiction, "a defendant may be required to defend a 'claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction.'" CE Distribution, LLC v. New Sensor Corp., 380 F.3d 1107, 1113 (9th Cir. 2004) (quoting Action Embroidery Corp. v. Atl. Embroidery, Inc., 368 F.3d 1174, 1180 (9th Cir. 2004)). Such a decision is left to the Court's discretion and relies on "considerations of judicial economy, convenience and fairness to litigants." Action Embroidery, 368 F.3d at 1181 (9th Cir. 2004) (quotations omitted).

Plaintiff Rideout alleges that she purchased Defendant's products in California. Since Defendant did elect to sell its products through retailers in California, it has purposefully availed itself of the forum state in a way related to those claims, and it is therefore reasonable for the Court to exercise jurisdiction over Plaintiff Rideout's claims.

Plaintiff Allen, on the other hand, alleges that she purchased Defendant's products in Florida, and has not otherwise alleged a connection between her transactions and this forum. Nonetheless, in the interest of judicial economy, the Court elects to exercise its discretion and retain jurisdiction over Plaintiff Allen's claims as per the pendent personal jurisdiction doctrine. Allen's claims arise out of the same common nucleus of operative fact as Rideout's claims, for which the Court does have jurisdiction over the defendant. There is no prejudice to Similasan in hearing both cases together.

//
//
//
//

C. Standing

Similasan next argues that both plaintiffs lack standing to bring certain claims. Specifically, Similasan argues that: (1) Plaintiff Allen lacks standing to bring her CLRA, UCL, and FAL claims because she is a non-California resident and none of the alleged conduct as to her claims took place in California; (2) Plaintiff Rideout lacks standing to bring her CLRA claim because she cannot show that her alleged injury will be adequately redressed through injunctive relief; (3) Plaintiffs lack standing to bring CLRA claims because they failed to file an affidavit of proper venue as required by California Civil Code § 1780(d); and (4) Plaintiffs lack standing to bring claims related to any other Similasan products besides the ones they purchased because they did not suffer any injury as to those other products.

### 1. CLRA, UCL, and FAL claims as to Plaintiff Allen

To establish standing, plaintiffs must allege "an injury [that is] concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) (internal quotations omitted). Similasan argues that, because non-residents of California cannot invoke California statutes for relief when none of the conduct or harm has occurred in California, see In re Toyota Motor Corp., 785 F. Supp. 2d 883, 917-18 (C.D. Cal. 2011), Plaintiff Allen's claims are not redressable by a favorable ruling. Therefore, she would not have standing as to the CLRA, UCL, and FAL claims. The Court agrees and **DISMISSES** the CLRA, UCL, and FAL claims as to Plaintiff Allen.

//
//
//
//
//
//

### 2. CLRA claim as to Plaintiff Rideout

Similasan argues Plaintiff Rideout lacks standing to bring her CLRA claim because she cannot show that her alleged injury will be adequately redressed through injunctive relief. In order to obtain injunctive relief, a plaintiff must show a "real and immediate threat of repeated injury in the future," Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (internal quotations omitted), and Similasan argues that Plaintiff Rideout cannot do so because she is unlikely to buy Similasan's products again, given that she found them ineffective. Therefore, Similasan concludes, there is no threat of repeated injury in the future.

For the reasons set forth in the Court's decision in Mason v. Nature's Innovation, Inc., No. 12-cv-3019-BTM-DHB (S.D.Cal. filed May 13, 2013), which is incorporated in relevant part herein, the Court agrees. While the Court appreciates that this complicates enforcement of the CLRA in federal courts,[2] the fact remains that "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." Hodgers–Durgin v. de la Vina, 199 F.3d 1037, 1045 (9th Cir.1999). Accordingly, the Court **GRANTS** Defendant's motion to dismiss as to Plaintiffs' claims for injunctive relief under the CLRA, UCL and FAL. Because injunctive relief is the only relief sought in connection with Plaintiff's CLRA claim (Compl. ¶ 71), the Court dismisses the CLRA claim in its entirety. The Court does not reach Defendant's argument that the CLRA claim should be dismissed because Plaintiffs failed to file the affidavit of proper venue as required by Cal. Civ. Code § 1780(d).

//
//
//
//

---

[2] However, Plaintiffs are not necessarily precluded from seeking an injunctive remedy in state court. "In assessing standing, California courts are not bound by the 'case or controversy' requirement of article III of the United States Constitution, but instead are guided by 'prudential' considerations." Bilafer v. Bilafer, 161 Cal. App. 4th 363, 370 (2008).

#### 4. Other Similasan Products

Finally, Similasan argues that Plaintiffs do not have standing to pursue claims for the additional Similasan products that Plaintiffs list but do not allege that they themselves have bought, because they have not suffered any injury. However, "whether a class representative may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." Bruno v. Quten Research Inst., LLC, 280 F.R.D. 524, 530 (C.D. Cal. 2011). Therefore, this issue is more properly raised at a class certification hearing.

### D. Pleading Requirements

Similasan's argument as to Plaintiffs' alleged failure to satisfy pleading requirements is twofold: first, that Plaintiffs have failed to comply with the pleading requirements set forth by the Supreme Court in Twombly, supra, and Ashcroft v. Iqbal, 556 U.S. 662 (2009), and second, that Plaintiffs have failed to meet the heightened pleading requirements required by Federal of Civil Procedure 9(b) for alleging fraud or mistake.

#### 1. Pleading Requirements under *Twombly*

Under Twombly, a complaint need not contain "detailed factual allegations." Twombly, 550 U.S. at 555. However, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

##### a. CLRA, UCL, and FAL

The CLRA, UCL, and FAL all prohibit various deceptive and unfair business practices. The CLRA, Cal. Civ. Code §§ 1750 *et seq.*, prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code. § 1770. The UCL,

Cal. Bus. & Prof. Code §§ 17200 *et seq.*, prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The FAL, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500. Since the Court is dismissing the CLRA claims, consideration is limited to the UCL and FAL.

Plaintiffs' claims under these statutes are subject to the "reasonable consumer" test, under which they must show that members of the public are likely to be deceived. Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008) (citing Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir.1995). The advertising need not be actually false, as long as it is misleading or "has a capacity, likelihood or tendency to deceive or confuse the public." Id. (quoting Kasky v. Nike, Inc., 27 Cal.4th 939, 951 (2002)) (internal quotations omitted).

Plaintiffs have alleged that various Similasan products do not work as advertised because "the active ingredients, even if they were otherwise effective, are ineffective due to extremely high dilutions, the ineffectiveness of active ingredients in relieving such symptoms, or both." See, e.g., FAC ¶ 10. If true, then Similasan's advertising certainly would be likely to mislead or deceive the reasonable consumer, because a reasonable consumer would believe, for instance, that a product called Stress & Tension Relief that claims to "relieve[] symptoms of stress and simple nervous tension" would perform as advertised, when in fact it does not because the active ingredients are ineffective. See FAC ¶¶ 9-10. The same reasoning applies to the other Similasan products. Thus, construing the FAC in the light most favorable to Plaintiffs, the Court holds that Plaintiffs have sufficiently stated a claim under the UCL and FAL.

### b. Breach of Express Warranty

"[T]o prevail on a breach of express warranty claim, the plaintiff must prove (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was

breached." Forcellati v. Hyland's, Inc., 876 F. Supp. 2d 1155, 1162 (C.D. Cal. 2012) (quoting Weinstat v. Dentsply Int'l, Inc., 180 Cal. App. 4th 1213, 1227 (2010)) (internal quotations omitted).

As noted above, Plaintiffs allege that various Similasan products purported to relieve certain symptoms and conditions, that they bought the products based on these claims, but that the products did not conform to the claims made. While Similasan argues that Plaintiffs have not identified with adequate certainty the statements at issue, the Court disagrees. Plaintiffs have quoted verbatim the allegedly false or deceptive language from Defendant's packaging that they relied on in purchasing the products. See, e.g., FAC ¶¶ 10, 16, 22, 28, 34, & 40. The Court therefore holds that Plaintiffs have stated a claim for breach of express warranty.

### c. Breach of Implied Warranty

Under the California Commercial Code, a merchantable product must, among other things, "[c]onform to the promises or affirmations of fact made on the container or label." Cal. Com. Code § 2314(2)(f). The Court holds that Plaintiffs have stated a cause of action for breach of the implied warranty of merchantability, as they have alleged that Defendants' products did not conform to the promises or affirmations of fact made on the container or label. Accord In re Ferrero Litig., 794 F. Supp. 2d 1107, 1118 (S.D. Cal. 2011) (declining to dismiss plaintiffs' claim for breach of implied warranty of merchantability where plaintiffs alleged that goods did not conform with the promises or affirmations of fact made on the container or label).

### d. Money Had and Received, Money Paid, and Unjust Enrichment

Similasan asserts that there is no separate claim for unjust enrichment in California. However, "[u]njust enrichment is synonymous with restitution[,]" and "under the law of restitution, an individual is required to make restitution if he or she is unjustly enriched." Durell v. Sharp Healtcare, 183 Cal. App. 4th 1350, 1370 (4th Dist. 2010).

Regardless of what it may be labeled, Plaintiff has stated a claim under California law. Restitution does not require a predicate illegal act, and Plaintiff's claims, if true, suffice to establish entitlement to restitution, since Plaintiff has alleged that Similasan enriched itself at the expense of unwitting consumers. See McBride v. Boughton, 123 Cal. App. 4th 379, 389 (1st Dist. 2004) ("The person receiving the benefit is required to make restitution . . . if the circumstances are such that . . . it is unjust for the person to retain it.").

As to Plaintiffs' claims for money had and received and money paid, they are not specific causes of action, but rather a "simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness." Id. at 394. Such common counts may be pled "wherever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter." Avidor v. Sutter's Place, Inc., 212 Cal. App. 4th 1439, 1454 (2013) (internal quotations omitted). However, the remedy – disgorgement of the profits from the sales induced by the allegedly false advertising – is the same as for unjust enrichment. Therefore, the Court **DISMISSES** the claims for money had and received and money paid as redundant.

### 2. Statutes of Limitations

Similasan also argues that all the claims must be dismissed because Plaintiffs failed to allege that they bought the products within the relevant statutes of limitations. CLRA and FAL claims are subject to a three-year statute of limitations, and UCL claims are subject to a four-year statute of limitations. See Yumul v. Smart Balance, Inc., 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010). While there is some contention as to the limitations period for the breach of warranty claims, the Court holds that the statute of limitations for both breach of express warranty and breach of the implied warranty of merchantability is four years, as set forth in California Commercial Code § 2725. Cal. Com. Code § 2725(1) ("An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.") Finally, although neither party

addresses it, the Court holds that the statute of limitations for Plaintiffs' unjust enrichment claim is three years, as prescribed by Cal. Civ. Proc. Code § 338(d) for "[a]n action for relief on the ground of fraud or mistake." See, e.g., F.D.I.C. v. Dintino, 167 Cal. App. 4th 333, 347 (2008) (applying three-year statute of limitations under § 338(d) to unjust enrichment claim).

Plaintiffs alleged in the FAC that they bought Defendant's products "[d]uring the Class Period," FAC ¶¶ 8, 14, 20, 26, 32, 38, which they define as commencing January 1, 2000 and continuing to the present. Id. at ¶ 55. To the extent that the Class Period encompasses time outside the limitations period, they contend that the delayed discovery exception applies, under which a statute of limitations does not begin running until a plaintiff discovers she may have a claim. A plaintiff invoking this exception must plead facts alleging "(1) the time and manner of discovery [that they had a claim] and (2) the inability to have made earlier discovery despite reasonable diligence." Yumul, 733 F. Supp. 2d at 1130. However, the delayed discovery exception does not apply to UCL claims. See Keilholtz v. Lennox Hearth Products Inc., C 08-00836 CW, 2009 WL 2905960 at *4 (N.D. Cal. Sept. 8, 2009).

Plaintiffs argue that the FAC meets both prongs. First, Plaintiffs state in their opposition that each plaintiff's discovery "occurred shortly before the CLRA letter was sent" on their behalf. See Pl. Opp. (ECF No. 16) at 18. However, they have not alleged any facts to support this assertion. They cite to the CLRA letters themselves, but there is nothing in the letters or the FAC that states when Plaintiffs discovered they may have a claim, or the manner of their discovery.

Plaintiffs further argue that the FAC meets the second prong because it alleges that a reasonable consumer, as Plaintiffs Allen and Rideout presumably are, would not understand what the dilution levels mean as represented by Similasan on the label, and therefore would not understand that Similasan's products are essentially nothing more than placebos. See FAC ¶ 52. At this stage in the litigation, that is sufficient to meet the second prong.

However, because Plaintiffs have failed to adequately allege the time and manner of their discovery, or otherwise allege that their claims fall within the limitations period, the Court **DISMISSES** the FAC with leave to amend.

### 3. Heightened Pleading Requirements Under Rule 9(b)

Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Similasan argues that Plaintiffs' CLRA, UCL, and FAL claims are subject to this heightened standard because they are based on allegations of fraud. The Court agrees. See Yumul, 733 F. Supp. 2d at 1122-23 (applying Rule 9(b) standard to CLRA, UCL, and FAL claims and citing precedent).

"[T]o satisfy the pleading requirements of Rule 9(b), a complaint must plead 'the who, what, when, where, and how' of the misconduct charged, and further must set forth what is false or misleading about a statement, and why it is false." Id. at 1123 (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)). Plaintiffs have fulfilled the second half, that is, alleging why the statements are false or misleading. However, they have failed to plead with adequate specificity the circumstances of the transactions. In particular, Plaintiffs have not alleged *when* they bought Defendant's products. See Yumul, 733 F. Supp. 2d at 1124 ("Although the complaint alleges that Yumul purchased Nucoa 'repeatedly' during the class period, it does not allege with any greater specificity the dates on which the purchases were made. Moreover, the complaint does not allege that Nucoa packaging remained consistent throughout the decade." (footnote omitted)).

Because Plaintiffs have failed to satisfy the heightened pleading standards of Rule 9(b), the Court finds the FAC deficient on this ground as well.

//
//
//

### E. Whether Allen's Claims Are Typical of Class

Similasan also argues that Plaintiff Allen is not an adequate class representative because, among other things, she is subject to unique defenses that are not typical of the class. See Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir.1992) ("[C]lass certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation.") (citations omitted). However, the Court agrees with Plaintiffs that such arguments going to class certification are inappropriate at this time. Defendant may renew this argument if and when Plaintiffs file a motion for class certification.

### F. Improper Venue

Finally, Similasan argues that the venue is improper and that the action should be dismissed or transferred accordingly. Under 28 U.S.C. § 1391(b), an action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

According to Similasan, none of these apply here. However, its arguments appear to be confined to Plaintiff Allen, since her claims deal with transactions taking place in Florida, and not Plaintiff Rideout, whose claims involve transactions in California. As discussed above, the Court is electing to exercise supplemental jurisdiction over Plaintiff Allen's claims in the interest of judicial economy. Since venue is proper as to Plaintff Rideout's claims, the motion to dismiss on this ground is **DENIED**.

//
//

### G. Reasonable Attorney's Fees

Similasan also requests reasonable attorney's fees, arguing that Plaintiffs brought this action in bad faith because Plaintiffs' claims are "patently unmeritorious." Def. Mot. to Dismiss (ECF No. 14-1) at 23. The Court finds that there is insufficient evidence of bad faith by Plaintiffs and therefore **DENIES** Similasan's request for attorney's fees.

### IV. CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 14), **DENIES** its request for reasonable attorney's fees, and **DISMISSES** the FAC with leave to amend. The Court further **DISMISSES** Plaintiffs' claims under the CLRA, and for money had and received and money paid. Plaintiffs have twenty-one (21) days from the date of this order to file a Second Amended Complaint.

**IT IS SO ORDERED.**

DATED: May 14, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court