# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN and LAINIE RIDEOUT, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>SIMILASAN CORPORATION and SIMILASAN AG,<br><br>Defendants. | Case No. 12cv0376-BTM-WMC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On June 3, 2013, Plaintiff Lainie Rideout ("Plaintiff") filed a motion for reconsideration of the Court's May 14, 2013 Order ("May 14, 2013 Order") granting Defendant Similasan's motion to dismiss Plaintiff's First Amended Complaint ("FAC"). For the reasons discussed below, Plaintiff's motion for reconsideration (ECF No. 35) is **DENIED**. However, she may file an amended complaint within 21 days of the filing of the Court's order ruling on Defendant Similasan's pending motion to dismiss (ECF No. 43).

//
//
//
//

//

## I. BACKGROUND

In the Court's May 14, 2013 Order granting Defendant's motion to dismiss, the Court dismissed Plaintiff's claims for injunctive relief under the Consumers Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and False Advertising Law ("FAL"), finding that she lacked standing to pursue injunctive relief because she was unlikely to purchase Defendant's products again and therefore would not suffer future harm. (See ECF No. 34 at 7.) Plaintiff Rideout now moves for reconsideration, asking the Court to revise its earlier order and find that she has standing to pursue injunctive relief under all three statutes.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), any interlocutory order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Generally, reconsideration is deemed appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. School Dist. No. J, Multnomah County, Oregon v. AC & S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff also moves for relief under Rule 60(b)(1) and (6), under which the court may grant relief from a final judgment, order, or proceeding on the grounds of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." However, as Similasan correctly points out, Rule 60 only applies to final orders, see Bernhoft Law Firm, S.C. v. Pollock, 12-CV-1608W BLM, 2013 WL

3520267 at *2 (S.D. Cal. July 11, 2013), and is therefore inapplicable here.

### III. **DISCUSSION**

Plaintiff's motion for reconsideration, though lengthy, may be distilled into three basic arguments. Her first argument is that, because she had statutory standing to sue under the CLRA, UCL, and FAL, she therefore had constitutional standing to pursue injunctive relief. Her second argument is that, contrary to the Court's holding, she did allege an ongoing injury, namely her continued exposure to Defendant's false advertising. Finally, Plaintiff argues that the Court erred in finding that Plaintiff was unlikely to purchase the same products again since she determined that they did not work as advertised. For the reasons below, the Court holds that these arguments are insufficient to justify revising its earlier opinion, and thus **DENIES** Plaintiff's motion for reconsideration.

Plaintiff cites Hinojos v. Kohl's Corp., 11-55793, 2013 WL 2159502 (9th Cir. May 21, 2013) for the proposition that the Court should have applied California substantive law regardless of "[w]hether the Court considered constitutional or statutory standing" in deciding Defendant's motion to dismiss. Pl.'s Mot. for Reconsideration ("Pl.'s Mot.") at 5. The Court disagrees with Plaintiff's argument. A plaintiff must meet the constitutional requirements of Article III to have standing to sue in federal court, regardless of whether she is invoking diversity jurisdiction or federal question jurisdiction. As the Supreme Court explained recently in Hollingsworth v. Perry, 133 S. Ct. 2652, 2661 (2013), "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.' One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so." Id. at 2661 (citation omitted). In other words, the Article III standing requirement ensures that the court has authority to hear the case in first place, before the question of what law to apply to the claims arises.

Hinojos says nothing to the contrary. In that case, the Ninth Circuit was only

considering the question of whether the plaintiff had *statutory* standing to sue. See 2013 WL 2159502 at 1. While the Ninth Circuit mentioned in passing that there was no question as to whether the plaintiff had established an injury-in-fact as required under Article III, see id. at *3, it did not discuss the Article III requirements for *injunctive relief*. A plaintiff seeking injunctive relief in federal court must allege not only an injury-in-fact, but a "real and immediate threat of repeated injury in the future," Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (internal quotations omitted). The Court also notes that footnote 6 in the Hinojos opinion, the only place in the opinion where the Ninth Circuit mentions injunctive relief, was subsequently deleted. See Hinojos v. Kohl's Corp., 11-55793, 2013 WL 3368981 at *1 (9th Cir. July 8, 2013).

The other seven cases Plaintiff cites are, as Defendant Similasan aptly puts it, "neither new nor controlling." Def.'s Opp. (ECF No. 16) at 8. Only one other case is from the Ninth Circuit rather than another district court, Gutierrez v. Wells Fargo Bank, NA, 704 F.3d 712 (9th Cir. 2012), and it has nothing to do with Article III standing to pursue injunctive relief. Plaintiff quotes it only for the proposition that a plaintiff must show actual reliance to bring a claim under the UCL. See Pl. Mot. at 9. Moreover, the Court did explicitly consider some of the other district court cases that Plaintiff cites and simply chose not to follow them, given the split in authority discussed by the Court in its order in Mason v. Nature's Innovation, Inc., No. 12-cv-3019-BTM-DHB (S.D.Cal. filed May 13, 2013), as incorporated into the May 14, 2013 Order.

In short, there is no intervening change in controlling law warranting reconsideration. See Section II, supra. As Plaintiff has not alleged that there is any newly discovered evidence, the only issue left for consideration under Rule 54(b) is whether the Court committed clear error or the initial decision was manifestly unjust. See id.

Plaintiff argues that the Court clearly erred because Plaintiff "alleged Defendant's ongoing violation of her substantive right to be free from exposure to the

products' false advertising in the marketplace." Pl.'s Mot. at 11 (formatting removed). However, this is an argument that Plaintiff has not previously raised, in the FAC or otherwise, and a motion for reconsideration is not the appropriate place to introduce new legal arguments. See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) ("In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation."). Even were the Court to consider this argument, it is doubtful whether Plaintiff's right to be free from false advertising is sufficient to constitute a "concrete and particularized injury," Hollingsworth, 133 S.Ct. at 2661, as required for standing under Article III. Plaintiff is not injured in fact by exposure to false advertising if she is aware that it is false.

Plaintiff also argues that the Court clearly erred in finding that Plaintiff was unlikely to purchase Defendant's products again once she had determined that they were not efficacious, since Plaintiff had not actually said that in the FAC. The Court finds this argument to be without merit. It is high unlikely that a reasonable consumer would continue to purchase a product that she determined did not work. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Plaintiff's motion for reconsideration is accordingly **DENIED**. However, the Court will grant Plaintiff leave to amend solely to attempt to set forth any basis for Article III standing to obtain injunctive relief.

//
//
//
//
//

## IV. **CONCLUSION**

For the reasons above, the Court **DENIES** Plaintiff's motion for reconsideration (ECF No. 35). Furthermore, Plaintiff's request to certify the issue for appeal under Federal Rule of Appellate Procedure 5(a)(3) and 28 U.S.C. § 1292(b) is **DENIED**. However, Plaintiff may file an amended complaint solely for the limited purpose of alleging standing. Defendant Similasan currently has a motion to dismiss pending before the Court (see ECF No. 43.). Therefore, to facilitate the Court's review, any amended complaint must be filed within 21 days of the filing of the Court's order ruling on Defendant's motion to dismiss.

**IT IS SO ORDERED.**

DATED: August 7, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court