# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN, LAINIE RIDEOUT and KATHLEEN HAIRSTON, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>Similasan Corporation,<br><br>Defendant. | CASE NO. 12cv376-BTM (JLB)<br><br>Order Granting In Part Motion to Compel Production of Defendant's Responsive Documents for Duration of Class Period<br><br>[ECF. No. 79] |

Plaintiffs Lainie Rideout and Kathleen Hairston (collectively, "Plaintiffs") are pursuing this consumer protection putative class action lawsuit against homeopathic drug manufacturer Similasan Corporation ("Defendant") for alleged false, deceptive and misleading advertising of certain homeopathic products. Before the Court is Plaintiff's Motion to Compel Production of Defendant's Responsive Documents for the Duration of the Class Period. (ECF No. 79.) For the reasons stated below, the motion is GRANTED IN PART.

## I.  Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order

discovery of any matter relevant to the subject matter involved in the action." *Id*.

Rule 37 of the Federal Rules of Civil Procedure enables the propounding party to bring a motion to compel responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). "Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir.1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009). Those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## II. Analysis

The parties dispute whether the end date for responsive discovery should be set according to the length of the class period pled in the Third Amended Complaint. The consumer classes that remain at issue in this action are defined in the Third Amended Complaint as follows: "all purchasers of Similasan Corporation homeopathic Products in California, for personal or household use and not for resale, labeled Earache Relief, Dry Eye Relief and Pink Eye Relief (also called Irritated Eye Relief) from June 4, 2010 to present."[1] (ECF No. 58, ¶134.) The parties have until May 19, 2014 to complete class discovery, and Plaintiffs have until May 30, 2014 to move for class certification.

Plaintiffs argue that the end date for responsive discovery must go to present day in order to encompass the potential claims of all putative class members on whose behalf Plaintiffs will be moving for class certification. In contrast, Defendant argues the end date for responsive discovery must be determined by the statute of limitations

---

[1] The putative class period spans from April 2, 2008 to the present for the relevant products purchased by Plaintiff Rideout, and from June 4, 2009 to the present for the relevant products purchased by Plaintiff Hairston.

periods applicable to the named plaintiffs' claims. Based on this argument, Defendant limited its discovery responses to the period of 2008 to 2012 and objected to producing discovery after 2012 on relevance grounds.

The Court concludes that Plaintiffs have met their burden of establishing that relevant discovery includes discovery for the end portion of their putative class period. Discovery for the end portion of the class period is relevant to whether Plaintiffs can satisfy the Federal Rule of Civil Procedure 23 class action requirements. Plaintiffs allege in the complaint that "Defendant is still labeling the products with the false and deceptive, and unlawful, unfair and fraudulent advertise[ments]." (ECF No. 58, ¶133.) The discovery necessary to prove that allegation includes discovery after 2012 and until present day. Further, should the district court certify a class in this action, reasonable discovery for the entire putative class period is relevant to the district court's ultimate decision as to what class definition best "captures all members necessary for efficient and fair resolution of common questions of fact and law in a single proceeding." *Manual for Complex Litig.* § 21.222 (4th ed. 2004). Finally, reasonable discovery for the entire putative class period is relevant to plaintiffs' claims for injunctive relief.

The Court further concludes that Defendant has ***not*** met its burden of showing that discovery after 2012 should be prohibited. According to Defendant, discovery after 2012 is not relevant to any claims or defenses in this matter because Plaintiffs cannot represent persons who purchased the relevant products after the complaint was filed in 2012. Defendant's reasoning appears to be that any claims that accrued after the filing of the complaint are barred from this litigation by the named plaintiffs' statute of limitations. Defendant's position is not persuasive.

First, Defendant's argument is more appropriately addressed at the class certification stage. Plaintiffs may persuade the district court that claims that accrued after the filing of the complaint in 2012 can be efficiently addressed and managed in this litigation as a class action.

- 3 -

12cv376

Second, Defendant's position is not supported by the purpose of statutes of limitations. Traditionally, statutes of limitations run from the accrual of the relevant cause of action – "'the occurrence of the last element essential to the cause of action.'" *Aryeh v. Canon Bus. Solutions, Inc.*, 292 P.3d 871, 875 (Cal. 2013). "An affirmative defense, the statute of limitations exists to promote the diligent assertion of claims, ensure defendants the opportunity to collect evidence while still fresh, and provide repose and protection from dilatory suits once excess time has passed." *Id*. Thus, statutes of limitations may be relevant to assess the timeliness of a lawsuit, but do not necessarily determine the relevant time period for discovery, especially where the Court has not yet ruled on class certification.

Finally, Defendant's position is not supported by the legal authority to which it cites. For example, Defendant cites to the securities case captioned *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922 (9th Cir. 1996). However, the close of the class period in a securities fraud case is determined by an event uniform to the class – generally the date on which the previously undisclosed facts constituting the alleged fraud are publicly revealed, causing the defendant corporation's stock price to decline. Here, there is no such uniform event alleged in the complaint, such as a correction to the false advertising language at issue. Instead, Plaintiffs' allege that Defendant's unlawful advertising is ongoing. Thus, the district court may choose to certify a class period that mirrors the duration of Defendant's challenged advertising.

At this procedural juncture, the parties agree that there are three and four year statutes of limitations at issue. While Plaintiffs' claims accrued prior to the filing of the complaint, it does not follow that each claim of every class member similarly accrued prior to the filing of the complaint. Claims that accrued less than three and four years ago are not barred by the statutes of limitations. Should the district court certify a class in this action, it may decide that the balance of factors at issue weighs in favor of a class definition that includes individuals with claims that accrued after the filing of the complaint.

The Court further concludes that Defendant has ***not*** met its burden of showing that discovery after 2012 should be prohibited because the district court has previously granted Defendant's motions to dismiss Plaintiffs' claims for injunctive relief in prior complaints. The operative complaint, the Third Amended Complaint, contains claims for injunctive relief. Defendant has not moved to dismiss those claims and they remain a part of the current litigation.

Therefore, Defendant's relevance objection to producing class discovery for the post-2012 putative class period is overruled to the extent the objection is based on Plaintiffs' limitations periods or on anticipated rejection of Plaintiffs' claims for injunctive relief.[2]

**III.   Conclusion**

For the reasons stated above, Plaintiffs' Motion to Compel, (ECF No. 79), is GRANTED IN PART. The Court OVERRULES Defendant's relevance objection to producing class discovery for the post-2012 putative class period. The parties are directed to meet and confer regarding a plan to expeditiously proceed with reasonable class discovery responses in this action.

IT IS SO ORDERED.

DATED:  April 28, 2014

JILL L. BURKHARDT
United States Magistrate Judge

---

[2] Defendant also argues that expanding the relevant time period to the present is an "unduly burdensome and unsustainable neverending discovery obligation." (ECF No. 85 at 5.) Defendant fails to present sufficient detail for the Court to analyze Defendant's burden. Further, the substance of Plaintiffs' motion is really only directed toward Defendant's relevance objection. Thus, the Court declines to address Defendant's undue burden objection. Having overruled Defendant's relevance objection, the Court directs the parties to meet and confer regarding any outstanding objections of undue burden.