UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN, LAINIE RIDEOUT and KATHLEEN HAIRSTON, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>SIMILASAN CORPORATION,<br><br>Defendant. | CASE NO. 12cv376-BTM (JLB)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY OF PLAINTIFFS' MEDICAL RECORDS<br><br>[ECF No. 80] |

Plaintiffs Lainie Rideout and Kathleen Hairston (collectively, "Plaintiffs") are pursuing this consumer protection putative class action lawsuit against homeopathic drug manufacturer Similasan Corporation ("Defendant") for alleged false, deceptive and misleading advertising of certain homeopathic products. Plaintiffs are suing for violations of the Consumer Legal Remedies Act; the Unfair Competition Law; the False Advertising Law; the Magnuson-Moss Warranty Act; as well as violations of express and implied warranties. Currently before the Court is Defendant's Motion to Compel Discovery of Plaintiffs' Medical Records. (ECF No. 80.) For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is

- 1 -

12cv376

relevant to any party's claim or defense." Fed. R. Civ. Pro. 26(b)(1). In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id.* There is generally no requirement that the information sought by a party directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on," or could reasonably lead to matter that could bear on, any issue that is or may be present in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). If, however, a party is challenging a discovery request based on a right of privacy as guaranteed by the Constitution of the State of California, a heightened standard of direct relevance is required. *Davis v. Superior Court*, 7 Cal App. 4th 1008, 1017 (1992).

District courts have broad discretion to determine relevancy for discovery purposes. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. Pro. 26(b)(2)(C). Limits should also be imposed where the burden or expense outweighs the likely benefits. *Id.*

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. Pro. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." *Id.* at 34(a)(1). Actual possession, custody or control is not required. Rather, a "party may be ordered to produce a document in possession of a non-party entity if that party has a legal right to obtain the document or has control over the

entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

## II. ANALYSIS

Defendant seeks to have this Court compel Plaintiffs to respond to certain requests for production ("RFP") and interrogatories. The following requests are at issue: (1) RFP Nos. 22-26; and (2) interrogatories No. 5 and No. 6. (ECF No. 80.) In addition, Defendant seeks an order compelling Plaintiffs to provide "authorizations to obtain medical records directly from plaintiffs' medical providers for their health information and medical records two years prior to their first Similasan product purchase through the time they were taking the alleged Similasan product." (ECF No. 80.)

Plaintiffs object to all of Defendant's requests on various grounds including that the requests are overbroad, burdensome, oppressive, and seek documents that are private and confidential. (ECF No. 86.)

**A.    Requests for Production Nos. 22-26**

Defendant seeks to have the Court order Plaintiffs to produce documents responsive to RFP Nos. 22-26. (ECF No. 80.) RFP No. 22 asks Plaintiffs for "All Documents regarding any and all ailments, illnesses, afflictions, diseases, disorders, sicknesses, or other medical conditions,[1] from which You suffered from January 1, 2000, to the present." (ECF No. 80, Ex. A.) RFP No. 23 seeks "All documents regarding symptom(s) you experienced that caused you to purchase the product. *Id.* RFP No. 24 asks Plaintiffs for:

> All documents regarding every medical professional from whom you or any individual identified in your response to Interrogatory No. 2, sought or received treatment from any reason, and including for each medical professional: (1) the name, title, specialty, address, and telephone number of the medical professional; (2) the reasons for seeking such treatment; and (3) the date(s) on which you sought or received the treatment.

*Id.*

---

[1]    Defendant has agreed not to pursue mental health information or records. (ECF No. 80 at 1.)

RFP No. 25 seeks:

> All documents regarding each and every diagnosis rendered by any medical professional identified in your response to Interrogatory No. 2, including: (1) the date of the diagnosis; (2) the specific treatment(s) recommended by the medical professional; and (3) the names of all medication or other substances prescribed by the medical professional.

*Id.* Finally, RFP No. 26 asks for "All documents regarding any and all prescriptions or over-the-counter medications or other health care-related products you ingested, applied, or otherwise used for any reason, including the name of the medication or other product and the date(s) on which you ingested or used the medication or other products." *Id.*

Defendant claims that it is entitled to the above information because Plaintiffs have put their medical conditions directly at issue and because Plaintiffs are challenging the effectiveness of the alleged Similasan products. (ECF No. 80 at 4.) Defendant argues that it is "entitled to explore whether the products may not have worked for a variety of reasons, including the presence of an underlying medical condition that may require other treatment such as antibiotics or other drugs, or whether other prescribed medications cause the symptoms for which Plaintiffs were seeking self-treatment." *Id.*

The parties are in agreement that at least some portion of Plaintiffs' medical histories are relevant to the issues raised in this case. (ECF Nos. 80 at 3; 86 at 2.) However, Plaintiffs argue that the discovery sought is not relevant to the extent that it would encompass medical information for symptoms and illnesses not at issue. (ECF No. 86 at 2.) In addition to the relevancy argument, Plaintiffs object to the RFPs at issue in that they seek information protected by the right of privacy guaranteed by the Constitution of the State of California. (*Id.* at 4.)

Federal courts generally recognize a privacy right that can be raised in response to discovery requests. *Johnson ex rel Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992) (denying discovery of names of participants in a

medical study due to privacy interests of the individual participants). "Article I, section 1 of the California Constitution recognizes a number of inalienable rights, including the right to privacy." *John B. v. Superior Court*, 38 Cal. 4th 1177, 1198, 45 Cal. Rptr. 3d 316, 137 P.3d 153 (2006). "[T]he right of privacy extends to . . . medical records [citation]." *Ibid.*; *see also Lantz v. Superior Court*, 28 Cal. App. 4th 1839 (1994) (finding that the constitutional provision encompasses the details of a patient's medical history).

> [A] litigant may invoke the constitutional right to privacy as justification for refusing to answer questions that unreasonably intrude on that right. The right to privacy, however, is not absolute. In appropriate circumstances, this right must be balanced against other important interests. On occasion [a party's] privacy interests may have to give way to [the] opponent's right to a fair trial. Thus, courts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery.

*John B. v. Superior Court*, 38 Cal.4th at 1198-99. "[W]hen the constitutional right of privacy is involved, the party seeking discovery of [a] private matter must do more than satisfy" the relevance standard. *Lantz v. Superior Court*, 28 Cal. App. 4th at 1853. The burden is on the party seeking discovery of constitutionally protected information to establish <u>direct</u> relevance. *Davis v. Superior Court*, 7 Cal. App. 4th at 1017. The California Supreme Court has described this as a "heightened standard" requiring a closer fit between the requested discovery and the allegations in the complaint. *John B. v. Superior Court*, 38 Cal.4th at 1200.

In this case, Plaintiffs allege that they purchased assorted Similasan products to relieve symptoms connected with various eye, ear, nose and allergy conditions. (ECF No. 58.) Plaintiffs further allege that these products did not work as advertised. (*Id.* at 1.) Based on the allegations in the complaint, Defendant's discovery requests, to the extent that they relate to eye, ear, nose and allergy symptoms and conditions, satisfy the heightened standard of direct relevance.

Defendant's broad requests for <u>all</u> medical records and health information fall short of this heightened standard. One could conceivably argue–and indeed the

Defendant does–that symptoms or conditions not exclusively associated with the eyes, ears, or nose could also have an affect on these areas.[2] However, these open-ended requests are highly likely to return sensitive information decidedly unrelated to the issues in this case.

Additionally, cases addressing UCL and CLRA violations in this Circuit have generally limited the scope of discovery concerning health information and medical records to the symptoms and conditions closely related to the allegations. *See Linares v. Costco Wholesale, Inc.*, 2013 WL 5434570 (S.D. Cal. 2013) (granting defendant's discovery requests for medical records and health information limited to joint-related issues); *Rosales v. FitFlop USA*, LLC, 2012 WL 6641877 (S.D. Cal. 2012) (granting defendant's discovery requests for medical records related to any conditions of the feet, legs, or back, or any condition which affected plaintiff's locomotion, or placed any limitations on her ability to work, exercise, or perform any physical activity); *Stanley v. Bayer Healthcare LLC*, 2011 WL 5569761 (S.D. Cal. 2011) (limiting the scope of the discovery requests to medical records and health information reflecting or relating to gastrointestinal health).

Plaintiffs' medical records and health information, as relating to eye, ear, nose and allergy symptoms and conditions, are directly relevant to the issues presented in this case and as such, do not qualify for protection under California's constitutional right to privacy.

In addition to the broad subject matter, Plaintiffs' object to the time frame of the requested information: January 1, 2000, to the present. Plaintiffs assert that Defendant's requests seek information for a protracted time period that is not relevant to the litigation. Defendant argues that health information and medical

---

[2] Defendant argues that it is entitled to "unedited" health information and medical records because other medical conditions–aside from those related to eye, ear, nose, and allergy conditions–"may affect those parts of the body and many other drugs cause side effects that impact those parts of the body." (ECF No. 80 at 2.)

records dating back two years prior to Plaintiffs' first use of the alleged products are relevant because Defendant is entitled to know whether Plaintiffs had any pre-existing conditions or were currently taking medication that might affect the efficacy of the alleged products. (*Id.* at 4.)

The Court finds that the length of time associated with Defendant's request for health information and medical records is overbroad. A more appropriate time period would be six months prior to each Plaintiff's first Similasan product purchase through the time she was taking the alleged Similasan homeopathic product. This revised time period still allows for sufficient investigation regarding whether Plaintiffs had any preexisting conditions or were taking medication that might interfere with the effectiveness of the alleged products.

For the forgoing reasons, Defendant's request to compel responses to RFP Nos. 22-26 is hereby **GRANTED IN PART**. Plaintiffs are ordered to produce documents responsive to these requests for the relevant time period[3] that reflect or relate to eye, ear, nose, and allergy conditions and symptoms. Plaintiffs' motion for a protective order to guard against the disclosure of medical information unrelated to the issues in this case is **DENIED** without prejudice in light of the Court's Order. (ECF No. 86 at 5.) Plaintiffs' relevant medical records and health information will be protected by the Protective Order already in place. (ECF No. 75.)

**B.     Interrogatories Nos. 5-6**

In addition to the RFPs addressed above, Defendant seeks a Court order compelling Plaintiffs to supplement responses to Interrogatories No. 5 and No. 6. Interrogatory No. 5 asks Plaintiffs to:

> Identify every medical professional from whom You or any individual identified in Your response to Interrogatory No. 2 sought or received

---

[3] Six months prior to each Plaintiff's first Similasan product purchase through the time she was taking the alleged Similasan homeopathic products.

treatment for any reason[4], and, for each medical professional, list (1) the name, title or specialty, address, and telephone number of the medical professional; (2) the reason(s) for seeking such treatment; and (3) the date(s) on which You sought or received treatment.

(ECF No. 80, Ex. A.) Interrogatory No. 6 requests that:

For every medical professional identified in Your response to Interrogatory No. 5, identify (1) each and every diagnosis rendered by the medical professional; (2) the date of the diagnosis; (3) the specific treatment(s) recommended by the medical professional; and (4) the names of all medication or other substances prescribed by the medical professional.

(*Id.*)

In support of this request, Defendant asserts the same arguments discussed in section A. Defendant claims that the responses Plaintiffs have provided to date remain "insufficient and ring hollow." (ECF No. 80 at 3.) Plaintiffs again argue that such requests are overbroad and seek information not relevant to the issues in this case. (ECF No. 86 at 3.) "Defendant is not entitled to carte blanche discovery of Plaintiffs' 'unedited' health and medical information." (*Id.*)

Based upon the Court's reasoning above, Defendant's request to compel supplemental responses to Interrogatories Nos. 5 and 6 is hereby **GRANTED IN PART**. Plaintiffs are ordered to provide supplemental responses for the relevant time period.[5] The applicable responses shall be limited to information that reflects or relates to eye, ear, nose, and allergy conditions and symptoms.

**C.     Request for Authorization to Obtain Medical Records**

Defendant seeks to compel Plaintiffs to provide written authorization that will allow Defendant to subpoena records directly from Plaintiffs' medical providers. (ECF No. 80 at 7.) Given the highly sensitive nature of this subject matter and the fact that Plaintiffs have indicated a willingness to provide medical records and

---

[4]     Defendant has agreed to not pursue mental health information. (ECF No. 80 at 1.)

[5]     Six months prior to each Plaintiff's first Similasan product purchase through the time she was taking the alleged Similasan homeopathic products.

history for the applicable symptoms and conditions, the Court is not inclined to grant this request without giving Plaintiffs the opportunity to produce the records. Accordingly, Defendant's request for authorization to subpoena medical records directly from Plaintiffs' medical providers is hereby **DENIED** without prejudice.

Plaintiffs are instructed to serve upon Defendant copies of the medical record requests that are furnished to Plaintiffs' medical providers. Plaintiffs are again directed to the standard for the producing party under Federal Rule of Civil Procedure 34(a)(1).[6]

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**. The parties are directed to meet and confer regarding a plan to expeditiously proceed with reasonable discovery responses in this action.

IT IS SO ORDERED.

DATED: May 6, 2014

JILL L. BURKHARDT
United States Magistrate Judge

---

[6] The responding party is responsible for all items in "the responding party's possession, custody, or control." Fed. R. Civ. Pro. 34(a)(1). Actual possession, custody or control is not required. Rather, a "party may be ordered to produce a document in possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995).