# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN, LAINIE RIDEOUT, and KATHLEEN HAIRSTON, on behalf of themselves, and all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SIMILASAN CORPORATION,<br><br>Defendant. | Case No. 12-cv-376-BAS(JLB)<br><br>**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S APRIL 28, 2014 DISCOVERY ORDER (DOC. 89)** |

On October 11, 2013, Plaintiffs filed their Third Amended Complaint in this action for for statutory and common law claims related to Defendant's line of homeopathic products. Plaintiffs allege that Defendant's products do not work as advertised, are ineffective, and are advertised in false and misleading ways. Thus far, Defendant's motions to dismiss have been granted, with leave to amend (Docs. 34; 57). The Court, when granting Defendant's Motion to Dismiss the Second Amended Complaint, prohibited filing further motions to dismiss. (Doc. 57) Instead, Defendant is required to proceed by moving for summary judgment. (*Id.*) The Third Amended Complaint seeks injunctive relief. (Doc. 58, 48:16–20).

Pending before the Court is Defendants' objection to United States Magistrate Judge Jill L. Burkhardt's April 28, 2014 discovery order (Doc. 89). Judge Burkhardt granted in part and denied in part Plaintiffs' request to compel Defendant to produce responsive documents

from March 2012 to the present. (Doc. 79, 3:13–14). Defendant erroneously relied on a misinterpretation of statutes of limitation to incorrectly limit their response to Plaintiffs' request. (Doc. 85, 1:11–21). Therefore Judge Burkhardt correctly granted Plaintiffs' motion to compel discovery.

The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **OVERRULES** Defendant's objection (Doc. 89).

## I. STANDARD OF REVIEW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g.*, *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); 12 Charles A. Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed., 2010 update). "Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Gandee*, 785 F. Supp. at 686. "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

## II. DISCUSSION

The crux of Defendants' objection relies on its interpretation of statutes of limitation and class certification, which are legal issues the district court independently reviews. *Gandee*, 785 F. Supp. at 686. In this case, it is Defendant who "misapplies relevant statutes [and] case law." *Cathcart*, 2009 WL 17642, at *2.

Defendant argues that the end date for responsive discovery must be determined by the "statute of limitation" period applicable to the named plaintiffs' claims. However, statutes of limitation are affirmative defenses that run from the accrual of a claim until litigation commences. *See Aryeh v. Canon Bus. Solutions, Inc.,* 292 P.3d 871, 875 (Cal. 2013). Generally, they do not affect discovery. Defendant's unpersuasive analysis of *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922 (9th Cir. 1996) relates to a securities fraud case in which the class period closed based on a uniform event. Additionally, *In re Syntex Corp.* relates to statutes of limitation, and Defendant cites no precedent associating statutes of limitation with discovery. Here, the advertising at issue remains unchanged, potentially leaving the certifiable class open. As Judge Burkhardt correctly observed, class certification is more appropriately addressed at the class certification stage, not as an issue in discovery (Doc. 89, 3:25–28). The prospective class in question may or may not remain open, but Defendant may not decide it as a basis to deny discovery; Judge Burkhardt therefore rightly rejected limiting relevant discovery based on a novel and unsupported view of statutes of limitation.

Defendant, in its opposition, relies on Plaintiffs' prayer for injunctive relief. Judge Burkhardt and this Court's orders rely on other independent grounds such that Defendant's arguments related to injunctive relief in the Third Amended Complaint are irrelevant and need not be addressed here.

Accordingly, Defendants fail to show that Judge Burkhardt's order is clearly erroneous or contrary to law.

### III. CONCLUSION & ORDER

In light of the foregoing, the Court **OVERRULES** Defendants' objection to Judge Burkhardt's April 28, 2014 discovery order. (Doc. 89.)

**IT IS SO ORDERED.**

**DATED: May 27, 2014**

*[signature]*

**Hon. Cynthia Bashant**
**United States District Judge**