**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Class Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN, LAINIE RIDEOUT, and KATHLEEN HAIRSTON, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br>v.<br><br>SIMILASAN CORPORATION,<br><br>Defendant. | Case No. 3:12-cv-00376-BAS (JLB)<br>**CLASS ACTION**<br>Filed: Feb. 10, 2012<br><br>**DECLARATION OF RONALD A. MARRON IN SUPPORT OF JOINT MOTION FOR AN ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, (2) CERTIFYING SETTLEMENT CLASS, (3) APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL, (4) APPROVING NOTICE PLAN, AND (5) SETTING FINAL APPROVAL HEARING**<br><br>Hearing:      May 2, 2016<br>Judge:         Hon. Cynthia A. Bashant<br>Courtroom: 4B |

*Allen, et al. v. Similasan Corp.*, No. 3:12-cv-00376
DEC. OF RONALD A. MARRON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL

I, Ronald A. Marron, declare:

1. I am counsel of record for Plaintiffs and appointed Class Counsel in this action. I am a member in good standing of the State Bar of California and the United States District Courts for the Northern, Central, Eastern and Southern Districts of California; and of the United States Court of Appeals for the Ninth Circuit. I submit this declaration in support of an Order granting preliminary approval of a class action settlement in this case. I make this Declaration based on personal knowledge and if called to testify, I could and would competently testify to the matters contained herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Settlement Agreement executed in this case and corresponding exhibits referenced within the Settlement Agreement.

### Ronald A. Marron Firm's Qualifications and Experience Prosecuting Consumer Class Action Lawsuits

3. My work experience and education began in 1984 when I enlisted in the United States Marine Corps (Active Duty 1984-1988, Reserves 1988-1990) and thereafter received my Bachelor of Science in Finance from the University of Southern California (1991). While attending Southwestern University School of Law (1992-1994), I also studied Biology and Chemistry at the University of Southern California and interned at the California Department of Corporations with emphasis in consumer complaints and fraud investigations. I was admitted to the State Bar of California in January of 1995 and have been a member in good standing since that time. In 1998, I started my own law firm with an emphasis in consumer fraud. My firm currently employs six full-time attorneys, one law clerk, One paralegal, and support staff. Attached hereto as **Exhibit 2** is a true and correct copy of my firm's resume.

4. Over the years I have acquired extensive experience in class actions and other complex litigation and have obtained large settlements as lead counsel. In recent years, I devoted most of my practice to the area of false and misleading labeling of food, dietary supplements and over-the-counter ("OTC") drug products.

5. My firm has an in-depth knowledge of litigating OTC product cases, including

2

*Allen, et al. v. Similasan Corp.*, No. 3:12-cv-00376
DEC. OF RONALD A. MARRON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL

the FDCA's history, principles and regulation. For example, in *Gallucci v. Boiron, Inc.*, Case No. 3:11-CV-2039 JAH NLS (S. D. Cal.), we drafted a Complaint with five potential causes of action, and claims under the CLRA, UCL and FAL with respect to OTC homeopathic drugs which "concern[ed] novel legal theories in a specialized area of law." *See Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 590 n. 4 (C.D. Cal. 2011). This action involved extensive motion practice and my firm's opposition brief was so persuasive that defendants decided to withdraw their motion. My firm's well-drafted briefing, knowledge and experience resulted in a $5 million common fund plus injunctive relief settlement of *Gallucci* against French homeopathic giant, Boiron, Inc. On April 25, 2012, the Honorable John A. Houston granted preliminary approval, noting that:

> During the pendency of the Litigation, Class Counsel conducted an extensive examination and evaluation of the relevant facts and law to assess the merits of the named plaintiffs' and class claims to determine how best to serve the interests of Plaintiffs and the Class. . . . Class Counsel conducted thorough review of the Food, Drug and Cosmetic Act, its numerous changes over the years, and the Act's implementing regulations. Class Counsel have carefully considered the merits of Plaintiffs' claims, and the defenses raised by defendants. *Gallucci* Dkt. No. 89 at i.

6. Accordingly, Judge Houston appointed my firm as Class Counsel, finding that Class Counsel "will fairly and adequately protect the interests of the Class . . . [and] are experienced and competent to prosecute this matter on behalf of the Class." *Id.* at iii-iv. The Fairness Hearing was held on October 1, 2012 and on October 31, 2012, the court granted final approval. *See Gallucci v. Boiron, Inc.*, 2012 U.S. Dist. LEXIS 157039 (S.D. Cal. Oct. 31, 2012).

7. In addition to the present action, my firm is litigating numerous other cases involving OTC products, such as drugs, cosmetics, diet products, and dietary supplements:

- *Aloudi v. Intramedic Research Group, LLC*, Case No: 3:15-cv-0882-HSG (N. D. Cal.) (dietary supplement)
- *Camey v. Force Factor, LLC*, Civil Action No. 1:14-cv-14717-RWZ (Dist. Mass.) (male aphrodisiac pills)

3

*Allen, et al. v. Similasan Corp.*, No. 3:12-cv-00376
DEC. OF RONALD A. MARRON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL

- *Dixon v. MagnaRX*, Case No: 2:14-cv-07196-BRO-GJS (C.D. Cal.) (male aphrodisiac pills)
- *Elkind v. Revlon Consumer Prods. Corp.*, Case No. 2:14-cv-02484-JS-AKT (E.D. N.Y.) (cosmetics)
- *Garcia v. Iovate*, Case No. 1402915 (Santa Barbara Superior Court) (weight loss pills)
- *Hammock v. Nutramarks, Inc.*, Case No. 3:15-cv-2056 BTM NLS (S.D. Cal.) (over-the-counter drugs)
- *Kanfer v. Pharmacare, Inc.*, Case No: 3:15-cv-00120-H-JLB (S.D. Cal.) (male aphrodisiac pills)
- *Mugrave v. Quincy Bioscience, LLC*, Case No.: 3:15-cv-04505-HSG (N.D. Cal.) (dietary supplements)
- *Ortega v. Natural Balance, Inc. (sub nom Lambert v. Nutraceutical Corp.)*, CASE NO. 2:13-cv-05942-AB-E, Ninth Cir. Case No. 15-56423 (male aphrodisiac pills)
- *Reid v. GMC Skin Care USA, Inc.*, Civ. Action No. 8:15-cv-277 (BKS/CFH) (N.D. N.Y.) (cosmeceuticals)
- *Woodard v. Labrada*, Case No. 5:16-cv-00189-JGB-SP (C.D. Cal.) (weight loss herbal supplements)

8. On October 31, 2013, the Honorable Gonzalo P. Curiel of the United States District Court for the Southern District of California granted preliminary approval to a class action settlement of $1 million and injunctive relief for class wide claims of false and deceptive advertising of OTC drugs negotiated by my firm in *Mason v. Heel, Inc.*, Case No. 3:12-cv-3056 GPC (KSC) (Dkt. No. 27), also finding there was "sufficient basis . . . under the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure" to appoint my firm as Class Counsel. *Id.* at p. 5. The final approval hearing was March 7, 2014, and the court thereafter granted final approval to the settlement, after reaffirming my firm's appointment as Class Counsel (Dkt. Nos. 37 & 38).

9. On October 23, 2013, the Honorable Michael M. Anello of the United States

4

*Allen, et al. v. Similasan Corp.*, No. 3:12-cv-00376
DEC. OF RONALD A. MARRON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL

District Court for the Southern District of California granted final approval to a $1.2 million and injunctive relief class action settlement concerning false and deceptive advertising of OTC drugs negotiated by my firm in *Nigh v. Humphreys Pharmacal, Inc.*, Case No. 3:12-cv-02714-MMA-DHB (Dkt. No. 30), finding that "the Class was adequately represented by competent counsel." *Id.* at p. 14.

10. On March 13, 2012, my firm settled a case against manufacturers of OTC dietary supplement products for $900,000 in a common fund plus injunctive relief, styled *Burton v. Ganeden Biotech, Inc. et al.*, Case No. 3:11-cv-01471 W (NLS) (S.D. Cal.). Burton alleged that defendants falsely advertised their products as containing "clinically proven" proprietary bacteria that improved and benefitted the digestive and immune health of individuals when, in fact, no clinical proof existed. Before this settlement was finalized, my firm rejected defendants' coupon settlement offer, because we did not believe it constituted the best relief for the class members. Instead, we continued extensive and lengthy rounds of negotiations with the defendants to obtain the best result for the class. These months-long negotiations included back and forth exchange of approximately twenty editions of the Settlement Agreement, multiple conference calls (including on the weekends) and e-mails. On March 14, 2012, the parties filed a Joint Motion for Preliminary Approval of Settlement, (Dkt. No. 38) which the court granted on April 16, 2012 (*Id.* at 42). After the Fairness Hearing in this case on August 21, 2012, Judge Whelan granted final approval on October 5, 2012. Dkt. Nos. 48, 52.

11. On March 1, 2012, the Honorable Janis L. Sammartino appointed my firm Interim Class Counsel in an action styled *Margolis v. The Dial Corporation*, currently pending in the United States District Court Southern District of California, Case No. 3:12-cv-288 JLS (WVG) (Dkt. No. 14). This case involves an OTC pheromone soap product that its manufacturer alleges enhances a man's sexual attraction to women.

12. When my firm was appointed Interim Lead Class Counsel for a class of consumers in a deceptive food labeling case back in March of 2011, the Honorable Marilyn Huff recognized Class Counsel "appears to be well qualified to represent the interest of the purported class and to manage this litigation." *Hohenberg v. Ferrero U.S.A., Inc.*, 2011

5

*Allen, et al. v. Similasan Corp.*, No. 3:12-cv-00376
DEC. OF RONALD A. MARRON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL

U.S. Dist. LEXIS 38471, at *6 (S.D. Cal. Mar. 22, 2011). Subsequently, when my firm obtained certification of the proposed class, this court reaffirmed its finding that my firm is adequate Class Counsel. *See In re Ferrero Litig.*, 278 F.R.D. 552, 559 (S.D. Cal. 2011). Judge Huff gave Final Approval of a settlement establishing a $550,000 monetary relief fund for the class on July 9, 2012, with attorney's fees paid separately. (*Ferrero* Dkt. No. 127).

13. On November 14, 2011 my firm obtained the certification of a nationwide class of consumers who purchased Qunol CoQ10, a dietary supplement making misleading efficacy claims. *See Bruno v. Quten Research Inst., LLC*, 2011 U.S. Dist. LEXIS 132323 (C.D. Cal. Nov. 14, 2011). My firm then successfully defeated the defendants' motion to decertify the class following the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). *See Bruno v. Eckhart Corp.*, 2012 U.S. Dist. LEXIS 30873 (C.D. Cal. Mar. 6, 2012). The case recently settled, on the eve of trial (originally scheduled for October 2, 2012).

14. On June 14, 2011, the Honorable Richard Seeborg appointed my firm Interim Class Counsel, over a competing application from a former partner at the New York law firm Milberg Weiss regarding a deceptive food labeling case. *See Chacanaca v. Quaker Oats Co.*, 2011 U.S. Dist. LEXIS 65023, at *8-9 (N.D. Cal. June 14, 2011) (since restyled as *In re Quaker Oats Labeling Litig.*) ("There is no question here that both the Weston/Marron counsel…have ample experience handling class actions and complex litigation. It is also clear that both have particular familiarity with suits involving issues of mislabeling in the food industry.")

15. I was appointed class counsel in *Peterman v. North American Company for Life and Health Ins., et al.*, No. BC357194, (L.A. Co. Sup. Ct.), which was litigated for over 4 years and achieved a settlement of approximately $60 million for consumers. In granting preliminary approval of the settlement, the Hon. Carolyn B. Kuhl noted that "the excellent work that the plaintiffs' side has done in this case has absolutely followed through to the settlement…The thought and detail that went into the preparation of every aspect was very impressive to me."

16. I also served as class counsel in *Clark v. National Western Life Insurance Company,* No. BC321681 (L.A. Co. Sup. Ct.), a class action that, after litigating the case for well over 6 years, resulted in a settlement of approximately $25 million for consumers.

17. In *Iorio v. Asset Marketing*, No. 05cv00633-IEG (CAB) (S.D. Cal.), I was appointed class counsel on August 24, 2006, following class certification, which was granted on July 25, 2006 by the Honorable Irma E. Gonzalez. Dkts. Nos. 113 and 121.

18. After nearly 6 years of intensive litigation, a settlement valued at $110 million was reached in *Iorio, supra,* and approved on March 3, 2011, by the Honorable Janis Sammartino. Dkt. No. 480. Co-counsel and I successfully defended multiple motions brought by defendant in the Southern District of California, including "challenges to the pleadings, class certification, class decertification, summary judgment,…motion to modify the class definition, motion to strike various remedies in the prayer for relief, and motion to decertify the Class' punitive damages claim," plus three petitions to the Ninth Circuit, attempting to challenge the Rule 23(f) class certification. *Iorio*, Final Order Approving (1) Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses, (3) Awarding Class Representatives Incentives, (4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice, entered on Mar. 3, 2011, at 6:9-15 (commenting that class counsel were "highly experienced trial lawyers with specialized knowledge in insurance and annuity litigation, and complex class action litigation generally" and "capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal," *id*. at 7:18-22). Judge Sammartino also noted "the complexity and subject matter of this litigation, and the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Class." *Id*. at 17:25-27.

19. In *Tabares v. Equitrust Life Ins. Co.,* No. BC390195 (L.A. Co. Sup. Ct.), my firm obtained a class certification order and was appointed class counsel.

20. In *Vaccarino v. Midland National Life Insurance Co.,* Case No. 2:11-cv-05858 CAS (MANx) (C.D. Cal.), my firm was appointed class counsel on February 3, 2014, after the court certified a class of annuity purchasers. On September 22, 2014, the court granted final approval to a class action settlement that achieved a settlement of approximately $5.55

7

*Allen, et al. v. Similasan Corp.*, No. 3:12-cv-00376
DEC. OF RONALD A. MARRON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL

million for consumers, including *cy pres* relief to the Congress of California Seniors.

21. I am currently counsel in a number of additional putative class actions and complex cases, including, but not limited to:

- *In re Gerber Probiotic Sales Practices Litig.*, Case No. 2:12-cv-00835 JLL (MAH) (D.N.J.) (food labeling case)
- *Murphy v. Idea Village Prods. Corp.*, Case No: 15-cv-1638 AB(DTBx) (false and deceptive advertising case re: compression clothing containing copper)
- *Red v. Kraft*, Case No. 2:10-cv-01028 GW (AGR) (C.D. Cal.) (food labeling case)
- *Sanchez v. Allianz Life Ins. Co.*, Case No. Case No.: BC594715 (Los Angeles Superior Court) (alleged fraud in sales of annuities)

22. On January 4, 2016, the Honorable Analisa Torres of the Southern District of New York appointed the Marron firm as Interim Lead Class Counsel over the opposition and challenge of other plaintiffs' counsel, in a case alleging false and deceptive advertising of compression clothing containing copper. *Lucero v. Tommie Copper, Inc.*, Civ. Action No. 7:15-cv-03183-AT (S.D. N.Y.). In making the appointment, Judge Torres praised the Marron firm's "detailed" complaint, noting it was "more specifically pleaded, . . . assert[ing] a more comprehensive set of theories . . . [and was] more factually developed." Judge Torres also noted that Mr. Marron and his firm's attorneys had "substantial experience litigating complex consumer class actions, are familiar with the applicable law, and have the resources necessary to represent the class." Dkt. No. 64.

23. Besides these cases, I have also represented plaintiffs victimized in other complex cases such as Ponzi schemes, shareholder derivative suits, and securities fraud cases. I have litigated hundreds of lawsuits and arbitrations against major corporations; of these, approximately 30 cases against the likes of, such corporate titans as Shell Oil, Citigroup, Wells Fargo, Morgan Stanley and Merrill Lynch have gone through trial or arbitration. Many more have settled on the eve of trial so that I was fully prepared to proceed to trial.

24. On February 3, 2012, Similasan received its first demand letter pursuant to the CLRA from me on behalf of Plaintiff Kim Allen. Subsequent demand letters were sent on behalf of Plaintiffs Kathleen Hairston and Lainie Rideout. Similasan responded to the first CLRA notice letter by denying all allegations as factually and legally without merit and reserving all of its right and remedies.

25. On February 10, 2012, Plaintiff Allen filed a Complaint in this matter. On March 16, 2012, Similasan responded with a motion to dismiss. A first amended complaint was filed on April 2, 2012. On April 18, 2012, Similasan filed another motion to dismiss, to which plaintiff objected. The motion to dismiss was granted with leave to amend.

26. A second amended complaint was filed on June 4, 2013, and Similasan filed a motion to dismiss on June 18, 2013, to which plaintiff objected. The motion was granted in part and denied in part.

27. The operative third amended complaint was filed on October 11, 2013. Similasan answered the complaint on October 25, 2013. Similasan moved for summary judgment in August 2014, which was opposed by plaintiffs. The motion was granted in part and denied in part on March 30, 2015.

28. Over Similasan's objection, the Court certified two classes in this case on March 30, 2015.

29. During the course of this four-year litigation, the parties have engaged in extensive discovery, including exchanging documents, responding to interrogatories, party depositions, and expert depositions. Counsel was required to engage in substantial review of Defendants' financial information, marketing, literature and websites, FDCA and Shermal Law rules and regulations, plus the Products' labeling and packaging.

30. After the close of discovery, Similasan moved to decertify the classes and for partial summary judgment in September 2015.

31. The Parties attended two settlement conferences with Magistrate Judge Jill Burkhardt, on October 22, 2015 and December 7, 2015. During the December session, the parties established a framework for settlement, but continued to work out the material terms and details of a final memorialized agreement. The Parties diligently negotiated

9

*Allen, et al. v. Similasan Corp.*, No. 3:12-cv-00376
DEC. OF RONALD A. MARRON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL

from October 2015 to February 2016 to resolve their differences, ultimately leading to the formal Settlement Agreement for which the Parties now seek preliminary approval.

32. The proposed Settlement Class potentially consists of tens of thousands of claimants, which can reasonably be inferred from Defendant's sales volume.

33. The Settlement Agreement is the product of vigorous, adversarial, and competent representation of the Parties and substantive negotiations throughout the pendency of this litigation; contact between counsel for the Parties to commence a dialog about the merits and the risks of the claims and defenses; substantive negotiations throughout the pendency of the litigation; and the assistance of Magistrate Burkhardt in getting the parties to discuss the issues on two separate occasions.

34. I have 20 years' experience as an attorney, and have prosecuted numerous class action cases involving consumer claims and the laws at issue in this case. *See* Ex. 2. As a result, through the course of this litigation and the extensive settlement negotiations between the Parties, I have gained a clear view of the nature of this action and the likely risks and costs associated with litigating this matter through trial and appeals.

35. In my experienced judgment, the proposed settlement is fair, reasonable, and adequate with respect to Plaintiffs and the certified classes: Without the Settlement Agreement, Similasan would not be obligated to change its labeling to provide more consumer information. In addition I am aware of the risk of a defense verdict on damages given my experience in the *Allen v. Hyland's, Inc.* case, recently tried in the Central District of California and in which the jury entered a defense verdict on issues tried to the jury. I entered into the settlement agreement in this action fully understanding the risk and cost of trial and potential appeals, and the inherent continued delays of litigation, and have determined that it is in the best interest of all concerned to settle this matter.

36. Concessions negotiated by Plaintiffs' counsel, including the extensive injunctive changes to Similasan's Products' packaging and website, relief that was formerly removed in this case by dismissal based on lack of Article III standing, over

10

*Allen, et al. v. Similasan Corp.*, No. 3:12-cv-00376
DEC. OF RONALD A. MARRON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL

Plaintiffs' objection, militate in favor of approval of the Settlement Agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 31st day of March 2016 in San Diego, California.

*Ronald A. Marron*
Ronald A. Marron