**LAW OFFICE OF RONALD A. MARRON, APLC**
RONALD MARRON (SBN 175650)
*ron@consumeradvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumeradvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**GOMEZ TRIAL ATTORNEYS**
JOHN H. GOMEZ (SBN 171485)
*john@gomeztrialattorneys.com*
DEBORAH S. DIXON (SBN 248965)
*ddixon@gomeztrialattorneys.com*
655 West Broadway, Suite 1700
San Diego, California 92101
Telephone: (619) 237-3490
Facsimile: (619) 237-3496

***Class Counsel***

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

KIM ALLEN, LANIE RIDEOUT, and KATHLEEN HAIRSTON, all others similarly situated, and the general public,

Plaintiffs,

SIMILASAN CORPORATION,

Defendant

Case No.: 3:12-cv-00376-BAS-JLB

**CLASS ACTION**
Filed: February 10, 2012

**DECLARATION OF DEBORAH S. DIXON IN SUPPORT OF JOINT MOTION FOR AN ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, (2) CERTIFYING SETTLEMENT CLASS, (3) APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL, (4) APPROVING NOTICE PLAN, AND (5) SETTING FINAL APPROVAL HEARING**

Hearing: May 2, 2016
Judge: Hon. Cynthia A. Bashant
Courtroon: 4B

I, Deborah S. Dixon, hereby declare:

1. I am an attorney licensed to practice law in the State of California, and I am a Senior Trial Attorney with Gomez Trial Attorneys, trial counsel for Plaintiffs Lanie Rideout and Kathleen Hairston and the putative class members ("Plaintiffs"). I have personal knowledge of the facts set forth in this declaration.

2. Attached hereto as Exhibit 1 is a true and correct copy of relevant resume information for John Gomez, owner of Gomez Trial Attorneys, and myself.

3. I attended University of California, Santa Barbara, graduating in 2003. I graduated from California Western School of Law in January 2007 and have been in good standing with the California State Bar since June 2007. I was an associate in the business litigation and commercial litigation departments at Wingert Grebing Brubaker & Juskie from 2007 until 2012, when I was elevated to partner. During my tenure at Wingert Grebing Bruabaker & Juskie, I handled, and eventually managed, complex multi-party litigation, including consumer claims and products liability. I participated in prosecuting and defending hundreds of disputes during litigation through settlement, trial and appeals.

4. In January 2015, I joined Gomez Trial Attorneys Complex Litigation department, where I manage the class action practice. Gomez Trial Attorneys has 22 attorneys in three different offices and a total staff of 48. We are well equipped to handle complex litigation.

5. John Gomez and I co-tried a multi-week federal class action trial with similar issues presented in this case against a different national homeopathic manufacturer in *Allen v. Hyland's, Inc.*, United States District Court, Central District, Western Division Case No. 12-cv-1150-DMG-MAN before Hon. Dolly M. Gee.

6. John Gomez and I are class counsel in *Union Square at Broadway Homeowners Association v. Western Pacific Housing-Broadway, et al.*, San Diego Superior Court Case No. 37-2011-0091935-CU-CD-CTL before Hon. Ronald L. Styn.

That case is scheduled for trial on April 1, 2016 and Mr. Gomez and I are lead trial counsel.

**7.** I was primarily responsible for settling similar allegations and claims in *Wood v. Nature's Way,* case No.: 2:13-cv-06591-TJH(OPx), which was pending in United States District Court, Central District.

8. John Gomez and I are trial counsel for the putative class in *In re Sony Vaio Computer Notebook Trackpad Litigation,* United States District Court, Southern District of California, Case No. 09-cv-02109-BAS-MDD.

9. Our firm participated as counsel for class members in the *Corona v. Sony Pictures Entertainment Inc.* data breach case before the United States District Court, Central District ; Case No. 2:14–CV–09600–RGK–E.

10. Our firm is actively prosecuting several other class actions based on consumer protection claims, as well as product liability claims.

11. I participated in both of the settlement conferences before Judge Jill Burkhardt. I was the primary attorney from October through the present working with Similasan's counsel, Michelle Gillette, in finalizing this settlement agreement and the terms therein.

12. In my experienced judgment, the proposed settlement is fair, reasonable, and adequate with respect to Plaintiffs and the certified classes: Without the Settlement Agreement, Similasan would not be obligated to change its labeling to provide more consumer information. In addition I am aware of the risk of a defense verdict on damages given my experience in the *Allen v. Hyland's, Inc.* case.

///

///

///

///

///

///

13. I entered into the settlement agreement in this action fully understanding the risk and cost of trial and potential appeals, and the inherent continued delays of litigation, and have determined that it is in the best interest of all concerned to settle this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 31st day of March, 2016, in San Diego, California.

Deborah S. Dixon