# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN, LAINIE RIDEOUT and KATHLEEN HAIRSTON, on behalf of themselves, all others similarly situated, and the general public,<br><br>                              Plaintiffs,<br><br>   v.<br><br>SIMILASAN CORPORATION,<br><br>                              Defendant. | Case No. 12-cv-376-BAS-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

On March 31, 2016, Plaintiffs Lainie Rideout and Kathleen Hairston and Defendant Similasan Corporation (the "Parties") filed a joint motion for preliminary approval of class action settlement. (ECF No. 202.)

The Parties have agreed to a settlement upon the terms and conditions set forth in the Settlement Agreement ("Agreement"), a copy of which was submitted on March 31, 2016, attached as Exhibit 1 to the Marron Declaration. (ECF No. 202, Attach. 4.) If the settlement receives final approval, then under the terms of the Agreement there would be full and final resolution of this class action ("the Litigation").

After considering the papers and the arguments of counsel, the Settlement Agreement, Class Notice, the Parties' Joint Motion for Preliminary Approval of

Class Action Settlement, and other related documents, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

    1.    The Court hereby **GRANTS** preliminary approval of the class action settlement upon the terms and conditions set forth in the Settlement Agreement. The Court preliminarily finds that the terms of the Agreement are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

    2.    For purposes of this Order, the Court adopts and incorporates the capitalized terms and definitions set forth in the Settlement Agreement.

    3.    Pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies this Litigation as a class action on behalf of the following certified Class:

> All purchasers of all Similasan Corporation homeopathic Products nationwide for personal or household use and not for resale, as listed in **Exhibit A** to the Settlement Agreement, from February 10, 2008 to the Opt Out Deadline. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, its employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies, including all parent companies, and their employees; and the judicial officers, their immediate family members and court staff assigned to this case.

    4.    The Court finds that the Class meets the requirements of Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure. Joinder of all Class Members in a single proceeding would be impracticable because of their numbers and dispersion. Common issues exist among Class Members and predominate over questions affecting individual Class Members only. In particular, each Class Member's claim depends on whether the representations made by Defendant on the packaging, labeling, and marketing of the Products, which were uniform throughout the United States, were misleading to a reasonable consumer. Plaintiffs' claims are typical of those of the Class, as Plaintiffs were exposed to Defendant's health-related claims and purchased the Product(s) in reliance on those claims. Plaintiffs and their

counsel will fairly and adequately protect the interests of the Class, as Plaintiffs have no interests antagonistic to the Class, and have retained counsel who are experienced and competent to prosecute this matter on behalf of the Class.  Finally, a class settlement is superior to other methods available for a fair resolution of the controversy.

5. The Court approves Plaintiffs Kathleen Hairston and Lainie Rideout as Class Representatives.

6. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Plaintiffs' counsel, the Law Offices of Ronald A. Marron, APLC, Gomez Trial Attorneys, and Law Offices of Dean Goetz, to serve as Class Counsel.

7. The Court preliminarily approves the Agreement, finding that its terms appear sufficient, fair, reasonable, and adequate to warrant dissemination of Notice of the proposed settlement to the Class.  The Agreement contains no obvious deficiencies and the Parties have entered into the Agreement in good faith, following arms-length negotiation between their respective counsel.  The Court's approval of this Agreement is made subject to further consideration at the Final Approval Hearing Date.

8. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a "Final Approval Hearing" on **August 1, 2016** ("Final Approval Hearing Date") at **10:30 a.m.** in the Courtroom of the Cynthia Bashant, United States District Court for the Southern District of California, **Courtroom 4B** (4th Floor – Schwartz), 221 West Broadway, San Diego, CA 92101, for the following purposes:

a. finally determining whether the Class meets all applicable requirements of Federal Rules of Civil Procedure 23(a) and (b), and, thus, the claims of the Class should be certified for purposes of effectuating the Settlement;

b. determining whether the proposed Settlement of the Litigation on the

terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

  c. considering the application of Class Counsel for an award of attorneys' fees and costs, as provided for in the Agreement;

  d. considering the application of the named Plaintiffs for a class representative incentive award, as provided for in the Agreement;

  e. considering whether the Court should enter the [Proposed] Final Order and Judgment (ECF No. 202, Attach. 4, Exh. F);

  f. considering whether the release by the Class Members of the Released Claims as set forth in the Agreement should be provided; and

  g. ruling upon such matters as the Court may deem just and appropriate.

  9. Class Members must file and serve any objections to the proposed settlement no later than thirty (30) calendar days prior to the Final Approval Hearing Date, including any memoranda and/or submissions in support of the objections, which deadline will be set forth in the Class Notice.

  10. All papers in support of the Agreement must be filed with the Court and served at least fourteen (14) calendar days prior to the Final Approval Hearing Date. Any response to an objection must be filed and served at least seven (7) days prior to the Final Approval Hearing date.

  11. Any application for an award of attorneys' fees and costs and class representative incentive award must be filed with the Court and served at least forty-five (45) days prior to the Final Approval Hearing date. After filing, the application for fees and costs, and incentive award shall be posted on the Settlement Website for review by Class Members.

  12. The Court approves the form and procedure for disseminating Notice of the proposed Settlement to the Class as set forth in the Agreement. This Litigation concerns retail products for which the Parties do not have direct notice information for class members. Accordingly, the Notice Plan provides for notice to the Class by

publication. The Court finds that the Notice Plan submitted by the Parties constitutes the best notice practicable under the circumstances, and constitutes valid and sufficient notice to the Class in full compliance with the requirements of applicable law, including Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

13. Within thirty (30) days after the date of entry of this Order, Defendant shall disseminate the Class Notice in the form attached to the Agreement as Exhibit D. The manner and form of such dissemination shall be as set forth in the Notice Plan attached as Exhibits B and C to the Agreement.

14. The Court approves the designation of KCC to serve as the Court-Appointed Class Action Administrator for the settlement. The Class Action Administrator shall disseminate Class Notice and supervise and carry out the Notice Plan, and other administrative functions, and shall respond to Class Member inquiries under the direction and supervision of the Court.

15. The Court directs the Class Action Administrator to establish a Class Settlement Website, making available copies of this Order, Class Notice, the Settlement Agreement and all exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Agreement. The Class Settlement Website shall be made available to Class Members no later than fifteen (15) calendar days after the date of this Order, and continuously thereafter until thirty (30) days after the Final Approval Hearing.

16. As set forth in the Agreement, within fourteen (14) calendar days of the date of this Order, Defendant shall pay directly to the Notice Administrator $25,000, a partial cost of providing notice to the Class, which shall be used for costs and expenses associated with the Class Notice, creating and maintaining the Class Settlement Website, and all other Class Notice expenses. The Parties shall jointly retain the services of KCC as their Class Action Administrator.

17. No later than fourteen (14) days prior to the Final Approval Hearing

Date, Defendant, through the Class Action Administrator, shall file an affidavit and serve a copy on Class Counsel, attesting that notice was disseminated as required by the terms of the Notice Plan or as ordered by the Court.

18. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

19. Any person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such person must submit a completed request for exclusion to the Clerk of the Court postmarked or delivered no later than thirty (30) calendar days before the Final Approval Hearing Date ("Opt-Out and Objection Deadline"), as set forth in the Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed void.

20. Any Class Member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out and Objection Deadline will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Class Member and include a statement indicating that the person is a member of the Class. All persons who submit valid and timely requests for exclusion shall not be bound by the Agreement or the Final Judgment and Order.

21. Any person falling within the definition of the Class may object to the Agreement. Objections purportedly filed on behalf of groups of persons are prohibited and will be deemed void. To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the abbreviated name and case number of the Litigation (*Allen, et al v. Similasan Corp.*, No. 3:12-cv-376) and must contain the following

information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement.

22. A request for exclusion or an objection that does not include all of the foregoing information, that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified, shall be invalid and the person serving such a request shall be deemed a member of the Class, and shall be bound as a Class Member by the Agreement. The Class Action Administrator shall promptly forward copies of all requests for exclusion and objections to Class Counsel and counsel for Defendant.

23. If a Class Member hires an attorney to represent him or her in support of a timely and properly submitted objection, and the attorney wishes to appear at the Final Approval Hearing, in addition to the foregoing requirements, that attorney must (1) file both an entry of appearance and a notice of intention to appear and participate at the Final Approval Hearing with the Clerk of the Court no later than thirty (30) calendar days before the Final Approval Hearing, and (2) mail copies of the entry of appearance and the notice of intention to appear and participate at the Final Approval Hearing to Counsel for Defendant and Class Counsel, postmarked no later than thirty (30) calendar days before the Final Approval Hearing.

24. A Class Member who appears at the Final Approval Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Agreement that are not set

forth in a timely and validly submitted written objection are deemed waived.

25. If a Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing. While the declaration described above is prima facie evidence that the objector is a member of the Class, Plaintiffs or Defendant or both may take discovery regarding the matter, subject to Court approval.

26. Any Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Litigation.

27. All objections must be filed with the Clerk and served on the Parties' counsel no later than the Opt-Out and Objection Deadline. Objections received after the Opt-Out and Objection Deadline will not be considered at the Final Approval Hearing. A Class Member's failure to submit a written objection within the Opt-Out and Objection Deadline, in conformance with the procedures set forth in the Class Notice, and above, waives any right the Class Member may have to object to the settlement, the Agreement, attorneys' fees and costs, the Class Representative's incentive award, or to appeal or seek other review of the Final Judgment and Order.

28. Class Members who do not oppose the settlement, the applications for attorneys' fees and costs, or Class Representatives' incentive awards need not take any action to indicate their approval.

29. Class Members are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, maintaining as class members or otherwise, directly or indirectly through a representative or otherwise, or receiving any benefits from, any lawsuit, arbitration, government action, administrative or regulatory proceeding or order in any jurisdiction, forum or tribunal asserting any Released Claims.  In addition, all persons are preliminarily enjoined from filing, commencing or prosecuting a lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members, or asserting any Released Claims.  Nothing herein shall require any Class Member to take any affirmative action with regard to other pending class action litigation in which he or she may be an absent class member.

30. The certification of the Class shall be binding only with respect to the settlement of this Litigation.  In the event that the Agreement is terminated pursuant to its terms or is not finally approved by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other Court, the Litigation shall proceed as if the Settlement had never been reached, and no reference to the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

In light of the Parties' Settlement Agreement, Defendant's Motion to Seal (ECF No. 179), Plaintiffs' Motion for Joinder (ECF No. 174), Defendant's Motion for Partial Summary Judgment (ECF No. 171), and Defendant's Motion to Decertify Classes (ECF No. 164), are **TERMINATED AS MOOT**. If the Settlement is not effectuated, the Parties may reinstate these motions upon notifying the Court.

**IT IS SO ORDERED.**

DATED: May 11, 2016

Hon. Cynthia Bashant
United States District Judge