# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN, LAINIE RIDEOUT and KATHLEEN HAIRSTON, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SIMILASAN CORPORATION,<br><br>Defendant. | Case No. 12-cv-00376-BAS-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;**<br><br>**(2) CONDITIONALLY APPROVING THE SETTLEMENT CLASS;**<br><br>**(3) SETTING HEARING ON FINAL APPROVAL OF SETTLMENT** |

Plaintiffs Lainie Rideout and Kathleen Hairston and Defendant Similasan Corporation (the "Parties") have entered into a Settlement Agreement to resolve this Class Action litigation. For the reasons discussed below, the Court **GRANTS** the Parties' Joint Motion (ECF No. 257) and preliminarily approves the Settlement Agreement. The Court sets the matter for Final Hearing on August 7, 2017 at 10:30 a.m.

## I. BACKGROUND

Plaintiffs filed a class action Complaint on behalf of a California and Florida class[1], alleging that Similasan engaged in false or deceptive labeling of its homeopathic products. (ECF No. 58, Third Amended Complaint ("TAC").)

The Court granted Plaintiffs' motion for class certification, certifying two classes: all purchasers of Similasan homeopathic products in California with respect to Nasal Allergy Relief or Sinus Relief (first class) and all purchasers of Similasan homeopathic products in California with respect to Allergy Eye Relief, Earache Relief, Dry Eye Relief and Pink Eye Relief (second class). (ECF No. 143.)

The Court granted in part Similasan's Motion for Summary Judgment, limiting the time period of recovery and dismissing the claims for injunctive relief. (ECF Nos. 142, 247.) The Parties previously attempted a settlement that involved injunctive relief only, which was rejected by the Court. (ECF Nos. 202, 223.)

After lengthy negotiations, motion practice and discovery, the Parties now submit a second Joint Motion for Preliminary Approval of Class Settlement. (ECF No. 257.)

## II. PROPOSED SETTLEMENT

### A. The Settlement Agreement

The Parties propose that this Court certify as a class:

> [All] purchasers of all Similasan Corporation homeopathic Products nationwide for personal or household use and not for resale, as listed in Exhibit A to this Agreement, from February 10, 2008 to the present.

Settlement Agreement § 2.6.[2]

Thus, the proposed class expands the class beyond the originally certified class

---

[1] Plaintiff Allen withdrew as a named plaintiff and, as she was the only named plaintiff from Florida, Plaintiffs ultimately dismissed claims involving the Florida class. (ECF No. 69.)

[2] The Settlement Agreement is attached to the Declaration of Deborah Dixon ("Dixon Decl.") (ECF No. 257-2) as Exhibit 1 (ECF No. 257-4).

to include all purchasers nationwide, instead of just in California, and expands the products beyond the original nasal, sinus, eye and ear relief to a wide swath of Similasan homeopathic products. *See* Exhibit A to the Settlement Agreement (ECF No. 257-4).

Similasan will establish a Fund of $700,000. (Settlement Agreement § 5.1.2.) Class members may submit a claim form with a declaration that they purchased a class product that did not provide any relief. (Settlement Agreement § 6.2.) Alternatively, class members may submit a proof of purchase for each class product purchased. *Id.* Claimants without a proof of purchase are limited to one claim. Claimants with a valid proof of purchase may submit a claim for each class product purchased. *Id.*

The payment of the costs of notice, administration and distribution of the settlement, attorneys' fees, expenses and representative award will be paid from the fund. (Settlement Agreement §§ 7.2.3, 7.3.3.) Class counsel will request reimbursement for expenses and up to 25% of the fund for attorneys' fees. (Settlement Agreement § 5.1.4.) Counsel will also request $2500 each or $5000 total for the representative plaintiffs. (Settlement Agreement § 5.1.3.)

Claimants submitting a proof of purchase are entitled to full repayment of their purchase price. Claimants submitting a declaration are entitled to reimbursement, which counsel estimates will be at least $3.50. (Dixon Decl. ¶ 30.) This amount represents approximately 50% of the average retail price of each Class Product. (Declaration of Michele Gillette, ECF No. 257-6 ("Gillette Decl.") ¶7.) If there are any remaining amounts in the settlement fund, after payment of claims, costs and attorneys' fees, these amounts will be distributed on a pro rata basis to class members who have made a claim. (Settlement Agreement § 5.1.5.)

In addition to the monetary consideration for the Settlement, Similasan has also agreed to make label changes to its products, providing more information to future purchasers of the products, something the Plaintiffs sought at the outset. (Settlement Agreement § 5.2.)

In return for these benefits, all class members will release all claims arising from the allegations in the operative complaint concerning the class products. (Settlement Agreement § 8.) Class members will not waive any right to pursue personal injury claims or to redress their claims, if any, with any governmental agency. (*Id.*)

### B. Notice

The Settlement Agreement proposes posting notice on a Settlement website, providing the required CAFA notice to state Attorneys General and United States Attorneys, submitting online advertising on Facebook targeted to reach likely homeopathy users (10 million impressions), publishing a press release on PR Newswire's website and publishing notice four times in the "San Diego Union-Tribune" newspaper. (Settlement Agreement §§ 7.2, 7.3.)

## III. ANALYSIS

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, Federal Rule of Civil Procedure 23(e) first "require[s] the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Where the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In these situations, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (internal quotation marks omitted).

### A. Class Certification

Before granting preliminary approval of a class-action settlement, the Court must first determine whether the proposed class can be certified. *Amchem Prods., Inc.*

*v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees). The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)).

In order to justify a departure from that rule, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id.* (citing *E. Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977)). In this regard, Rule 23 contains two sets of class-certification requirements set forth in Rule 23(a) and (b). *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010). "A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Rule 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met." *Otsuka v. Polo Ralph Lauren Corp*., 251 F.R.D. 439, 443 (N.D. Cal. 2008).

"Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) questions of law or fact exist that are common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Otsuka*, 251 F.R.D. at 443 (citing Fed. R. Civ. P. 23(a)). "A plaintiff must also establish that one or more of the grounds for maintaining the suit are met under Rule 23(b), including: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication." *Id.* (citing Fed. R. Civ. P. 23(b)).

The Parties seek class certification under Rule 23(b)(3). In the context of a proposed settlement class, questions regarding the manageability of the case for trial are not considered. *See Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 474 (E.D. Cal. 2009) (citing *Amchem Prods., Inc.*, 521 U.S. at 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.")).

In this case, the Court previously found that both the requirements of Rule 23(a) and 23(b)(3) had been met. (ECF No. 143.) Expansion of the class to include all purchasers nationwide as well as purchasers of additional products does not change this analysis. The new class is more numerous than the originally certified one and the representation is equally adequate. Furthermore, Similasan's conduct appears to be uniform across the United States as well as across the wide variety of products: it sold products bearing representations about the products' effectiveness. As the Court previously found, given the uniformity of the efficacy representations, small differences in the labeling are insignificant. This new class still presents common questions of fact and law, the claims and defenses of the representative parties are equally typical and the common questions of law or fact predominate. Given the small cost of each product and the large number of purchasers, a class action is superior to other available methods of adjudication. Therefore, the Court finds certification of the proposed class is appropriate.

**B.     Fairness, Reasonableness, and Adequacy of Proposed Settlement**

In determining whether the proposed settlement is fair, reasonable, and adequate, "a district court must consider a number of factors, including: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed, and the stage of proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed

settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). The Court considers each of these factors below.

### 1. Strength of Plaintiff's Case, and Risk of Further Litigation

Defendant Similasan adamantly denies liability in this case. Furthermore, Class Counsel tried a nearly identical matter in the Central District of California, which resulted in a defense verdict. (Mem. P. & A. in Support of Joint Mot., ECF No. 257-1, p. 23.) These facts, coupled with the fact that the Court has already stricken injunctive relief from the action, have made plaintiffs' counsel concerned about their ability to win any benefit for the class without the Settlement Agreement. (*Id.*)

In addition, the litigation involves complex issues requiring extensive resources, expert testimony and a likely appeal, if the case goes to trial. *See Nat'l Rural Telecommc'ns. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) (avoiding a trial and the subsequent appeals in a complex case strongly militates in favor of settlement rather than protracted and uncertain litigation).

Thus, the Court finds this first factor weighs in favor of accepting the proposed settlement.

### 2. Consideration Offered

Unlike the first proposed settlement agreement in this case, this Settlement Agreement provides more than just injunctive relief for the class. Although at this point it is difficult to assess how much each claimant will receive—since the number of claimants is still highly speculative—counsel estimates each claimant will receive a minimum of $3.50. (Dixon Decl. ¶30.) This is approximately 50% of the average cost of the product nationwide. (Gillette Decl. ¶7.) Since the Settlement Agreement provides for a pro rata distribution of the remaining amounts in the fund, after payment of expenses, attorneys' fees and representative award, conceivably the amount each claimant receives could be more than the purchase price paid.

Although Plaintiff and Class Members might be entitled to greater compensation if Plaintiffs' allegations were proven true, this does not mean that the

settlement is inadequate. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998). "[The] very essence of a settlement is a compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Serv. Comm'n of the City & Cty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982). At this point in the proceedings, the Court believes the consideration offered appears fair and reasonable.

### 3. Extent of Discovery Completed and Stage of Proceedings

This case has been pending for five years. Both sides were well into trial preparations at the time of settlement. (Dixon Decl. ¶14; Gillette Decl. ¶4.)

Plaintiffs engaged in substantial discovery and negotiations, reviewing Similasan's financial information, marketing literature and website, various products' labeling and packaging, FDCA and Sherman Act laws, rules and regulations, FDA guidance on homeopathic drugs and FTC standards. (Mem. P. & A. in Support of Joint Mot., ECF No. 257-1, pp. 25–26; Declaration of Ronald Marron, ECF No. 257-6 ¶28.) The parties have briefed, and the Court has ruled on, three motions to dismiss, two motions for summary judgment, a motion for class certification and a motion to decertify the class. This factor weighs in favor of accepting the Settlement Agreement.

### 4. Experience and Views of Counsel

Generally, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *cf. Stull v. Baker* 410 F. Supp. 1326, 1332 (S.D.N.Y. 1976) (holding that the court should consider the recommendation of counsel, and weight it according to counsel's caliber and experience). Here, due especially to the experience and knowledge of Class Counsel, their recommendations are presumed to be reasonable, and this factor accordingly favors approval.

### 5. Governmental Participant

There is no governmental participant in this case, so this factor is neutral.

**6. Reaction of the Class to the Proposed Settlement**

Since notice has not yet been served, it would be premature to evaluate this factor at this point in the proceedings.

**C. Fairness Hearing and Required Notice to Parties**

**1. Notice Requirements**

Under Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The Rule directs:

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). "[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." *Grunin v. Int'l House of Pancakes,* 513 F.2d 114, 120 (8th Cir. 1975).

In this case, individual class notice is not possible. Similasan does not sell its products directly to class members but only to third party retailers and distributors who sell the products on store shelves. Thus, notice by publication is the best possible notice under the circumstances.

The Court has reviewed the proposed avenues of notice, as well as the proposed verbiage and is satisfied that it complies with Rule 23(c)(2)(B).

**2. Fairness Hearing**

Fed. R. Civ. P. Rule 23(e)(2), requires that "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." "The purpose of a fairness hearing is to provide the court

with sufficient evidence for it to make an informed decision relating to the fairness of the proposed settlement." *UAW v. Gen. Motors Corp.*, 235 F.R.D. 383, 386 (E.D. Mich. 2006). A fairness hearing need not have all the procedures and protections of a full trial; it is a forum for intervenors to voice their objections and for the fairness of the settlement to be determined, and a court is within its discretion to limit the hearing as necessary to meet those objectives. *UAW*, 235 F.R.D. at 386; *Tenn. Ass'n of Health Maint. Org., Inc. v. Grier*, 262 F.3d 559, 567 (6th Cir. 2001).

Here, in their Settlement Agreement, the Parties agree to a framework for Class Members who either wish to opt-out or to object to the proposed Settlement. (Settlement § 10.) The Court finds the framework is fair and appropriate and accordingly sets a Final Approval Hearing that will give any intervenors or objectors a chance to be heard.

### III. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** the Parties' joint motion for preliminary approval of the class action settlement (ECF No. 257) and hereby **ORDERS** the following:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby conditionally certifies a class for settlement purposes only.

2. The class shall consist of:

All purchasers of all Similasan Corporation homeopathic Products nationwide for personal or household use and not for resale, as listed in Exhibit A to this Agreement, from February 10, 2008 to the present. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, its employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies, including all parent companies, and their employees; and the judicial officers, their immediate family members and court staff assigned to this case.

3. The Court hereby appoints Kathleen Hairston and Lainie Rideout as Class Representatives.

4. The Court hereby appoints the Law Offices of Ronald A. Marron, APLC, Gomez Trial Attorneys, and Law Offices of Dean Goetz as Class Counsel to represent the Class.
5. The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of Settlement set forth therein, subject to further consideration at a Final Approval Hearing.
6. The Court will hold a Final Approval Hearing on August 7 at 10:30 a.m., in the Courtroom of the Honorable Cynthia Bashant, United States District Court for the Southern District of California, Courtroom 4B (4th Floor – Schwartz), 221 West Broadway, San Diego, CA 92101, for the following purposes:
   a. Finally determining whether the Class meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and whether the Class should be certified for the purposes of effectuating the Settlement,
   b. finally determining whether the proposed Settlement of the case on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved and ordered by the Court,
   c. considering the application of Class Counsel for an award of attorneys' fees and costs, as provided for in the Settlement Agreement;
   d. considering the application of the named Plaintiffs for a class representative incentive award, as provided for in the Settlement Agreement;
   e. considering whether the release by the Class Members of the Released Claims as set forth in the Settlement Agreement should be provided; and
   f. ruling upon such other matters as the Court may deem just and appropriate.
7. The Court may adjourn the Final Approval Hearing and later reconvene such

hearing without further notice to the Class Members.

8. Before the Final Approval Hearing, Defendant shall file with the Clerk of the Court proof of its compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

9. In compliance with Fed. R. Civ. P. 23(b)(3), the Class Members will be permitted to exclude themselves from the class. Requests for exclusion must be submitted to the Clerk of the Court postmarked or delivered no later than thirty calendar days before the Final Approval Hearing date. Requests for exclusion purportedly filed on behalf of groups of person are prohibited and will be deemed void.

10. Briefs for the Final Approval Hearing must be filed with the Clerk of the Court no later than thirty calendar days before the Final Approval Hearing.

11. Class Members who desire to object to the fairness of the Settlement must file and serve written objections with the Clerk of this Court no later than thirty calendar days before the Final Approval Hearing.

12. Objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the name and case number of the litigation and must contain the following information: (1) the objector's name, address and telephone number, (2) the name, address and telephone number of any attorney for the objector, (3) the factual basis and legal grounds for the objection, and (4) the payment terms of any fee agreement between the objector and the objector's attorney with respect to the objection.

13. Objections that do not contain all required information or that are received after the Objection Deadline will not be considered at the Final Approval Hearing. Objections purportedly filed on behalf of groups of persons are prohibited and will be deemed void.

14. If a Class Member hires an attorney to represent him or her in support of a

timely and properly submitted objection, and the attorney wishes to appear at the Final Approval Hearing, the attorney must: (1) file a notice of intention to appear and participate in the Final Approval Hearing with the Clerk of the Court at least thirty calendar days before the Final Approval Hearing, and (2) mail copies of the entry of appearance and the notice of intention to appear and participate in the Final Approval Hearing to Counsel for Defendant and Class Counsel, postmarked no later than thirty calendar days before the Final Approval Hearing.

15. Any Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

16. Any response by the Plaintiff to the objections of Class Members must be filed with the Clerk of the Court no later than fourteen days prior to the Final Approval Hearing date. Any reply to this response must be filed and served at least seven days prior to the Final Approval Hearing date.

17. Class Counsel shall file with the Clerk of this Court and serve their application for attorney's fees, costs, and expenses at least forty-five days before the Final Approval Hearing. After filing, the Application for fees and costs, and incentive award shall be posted on the Settlement Website for review by Class Members.

18. The Court approves the form and procedure for disseminating Notice of the proposed Settlement to the Class. The Court finds this is the best notice practicable under the circumstances.

19. Within thirty days after the date of entry of this Order, Defendant shall disseminate the Class Notice in the form attached to the Settlement Agreement as Exhibit B. The manner and form of such dissemination shall be as set forth in the Notice Plan attached as Exhibit E to the Settlement Agreement.

20. The Court approves Classaura LLC ("Classaura") to serve as the Court-Appointed Class Action Administrator for this Settlement. The Class Action Administrator shall disseminate Class Notice and supervise and carry out the Notice Plan, and other administrative functions, and shall respond to Class member inquiries.

21. The Court directs the Class Action Administrator to establish a Class Settlement Website, making available copies of this Order, Class Notice, the Settlement Agreement and all exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class members or required under the Settlement Agreement. The Class Settlement Website shall be made available to Class Members no later than fifteen calendar days after the date of this Order and continuously thereafter until thirty days after the Final Approval Hearing.

22. As set forth in the Agreement, all fees, costs and expenses of the Notice and Claims Administrator related to this Settlement will be paid out of the Settlement Amount, which shall be used for costs and expenses associated with the Class Notice, creating and maintaining the Class Settlement Website, and all other Class Notice expenses. The Parties shall jointly retain the services of Classaura as their Class Action Administrator.

23. No later than fourteen days prior to the Final Approval Hearing date, Similasan, through the Class Action Administrator, shall file an affidavit and serve a copy on Class Counsel, attesting that notice was disseminated as required by the terms of the Notice Plan or as ordered by the Court. This affidavit shall also inform the Court of any requests for exclusion from the Class, objections or other reactions from Class Members received by the Class Administrator.

//

//

//

//

24. The Parties are further ordered to carry out the Settlement Agreement in the manner provided in the Settlement Agreement.

**IT IS SO ORDERED**.

**DATED: April 12, 2017**

Hon. Cynthia Bashant
United States District Judge