# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN, LAINIE RIDEOUT and KATHLEEN HAIRSTON, on behalf of themselves, all others similarly situated, and the general public,<br><br>    Plaintiffs,<br><br>    v.<br><br>SIMILASAN CORPORATION,<br><br>    Defendant. | Case No. 12-cv-00376-BAS-JLB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS** |

    Plaintiffs' counsel files an unopposed Motion for Attorneys' Fees, Costs and Incentive Award requesting $175,000 in attorneys' fees, $102,544.12 reimbursement for costs, $105,000 to administer the settlement and $2,500 each as incentive awards for the named Plaintiffs Lainie Rideout and Kathleen Hairston.[1] (ECF No. 259.)

    The Court held a hearing on the issue on August 7, 2017. At the hearing, counsel provided additional information about the requested costs amount. At the behest of the Court, Plaintiffs' counsel also submitted additional documentation about the amount requested to administer the settlement. (Supplemental Declaration of Class Action Administrator Gajan Retnasaba in Support of Final Approval, ECF No. 266.)

---

[1] Plaintiff Kim Allen was dismissed from the case at her request. (ECF No. 69.)

After considering the arguments of counsel both oral and written, the Court GRANTS the Motion for Attorneys' Fees, Costs and Incentive Awards.

## I. BACKGROUND

A brief summary of the history of this case is helpful to show that this case has been heavily litigated. The case was filed over five years ago. The Complaint has faced multiple Motions to Dismiss (ECF Nos. 14, 20, 43) and has gone through multiple revisions (ECF Nos. 1, 10, 36, 58). At least one such order faced an attempted interlocutory appeal. (ECF No. 38.) There have also been several discovery disputes requiring court intervention. (ECF Nos. 79, 80, 89.)

In March 2015, this Court granted in part Defendant's Motion for Summary Judgment and granted in part/denied in part Plaintiffs' Motion for Class Certification. (ECF Nos. 142, 143.) At a later date, with a Motion for Decertification of the Class and an additional Motion for Partial Summary Judgment pending, the parties notified the Court they had reached a settlement. (ECF Nos. 196, 202.)

This settlement was eventually rejected by the Court (ECF No. 223), and the case was set for trial. The Court denied the Motion to Decertify the Class and granted in part the Motion for Partial Summary Judgment. (ECF No. 247.) At the Final Pretrial Conference, the Court was informed that the parties had reached a revised settlement. (ECF No. 252.)

On April 12, 2017, the Court granted the parties' Joint Motion for Preliminary Approval of the Class Action Settlement (ECF No. 258) and set the Final Hearing for August 7, 2017.

## II. STATEMENT OF FACTS

### A. Underlying Case

Plaintiffs claim that Similasan Corporation ("Similasan") engaged in false and deceptive labeling of its homeopathic products. (ECF No. 58, Third Amended Complaint ("TAC").) Plaintiffs claim Defendant's products are "worthless" because they do not work, describing several of the products as mere "high-priced water."

(TAC ¶¶ 81, 93, 108, 120, 129.) Defendant adamantly denies the allegations. (Settlement Agreement § 3, "Denial of Wrongdoing & Liability.")

**B.     Settlement and Attorneys' Fees**

The proposed Settlement Agreement (attached as Exhibit 1 to the Declaration of Deborah Dixon in Support of Joint Motion for Order Granting Preliminary Approval filed on April 8, 2017 (ECF No. 257-4) ("Settlement" or "Settlement Agreement")) applies to class members ("Class" or "Class Members") defined as:

> purchasers of all Similasan Corporation homeopathic products nationwide for personal or household use and not for resale, as listed in Exhibit A to this Agreement from February 10, 2008 to the present.

(Settlement § 2.6.)

The Settlement contemplates that Similasan will establish a fund of $700,000. (*Id.* § 5.1.2.) Class members may submit a claim form with a declaration that they purchased a class product that did not provide any relief. (*Id.* § 6.2.) Alternatively, class members may submit a proof of purchase for each class product purchased. (*Id.*) Claimants without a proof of purchase are limited to one claim. Claimants with a valid proof of purchase may submit a claim for each class product purchased. (*Id.*)

Claimants submitting a proof of purchase are entitled to full repayment of their purchase price. Claimants submitting a declaration are entitled to reimbursement which counsel estimates will be at least $3.50. (Declaration of Deborah Dixon in Support of Joint Motion for an Order Granting Final Approval of Class Action Settlement (ECF No. 261-2) ¶ 5.) This amount is just under the national average for each product. (ECF No. 261-2 ¶ 5.)

In addition to monetary consideration for the Settlement, Similasan has agreed to make label changes to its products, providing more information to future purchasers of the Products, something Plaintiffs have sought since the outset of the case. (Settlement Agreement § 5.2.)

In return for these benefits, Plaintiffs and Settlement Class Members will

release Defendant from any claims arising from the allegations in the operative complaint concerning the class products. (*Id.* § 8.) Class members will not waive any right to pursue personal injury claims or redress their claims, if any, with any governmental agency. (*Id.*)

## III. LEGAL STANDARD

Courts have an independent obligation to ensure that the attorneys' fees and class representative awards, like the settlement, are reasonable. *In re Bluetooth Headsets Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Where a settlement produces a common fund for the benefit of the entire class, the courts have the discretion to employ a "percentage of recovery method." *Id.* at 942. Typically, courts calculate 25% of the fund as a "bench mark" for a reasonable fee award. *Id.* Injunctive relief should generally be excluded from the value of the common fund when calculating attorneys' fees because most often the value of the injunctive relief is not measurable. *Staton v. Boeing Co.*, 327 F.3d 938, 945-46 (9th Cir. 2003).

"The 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Thus, courts are encouraged to cross-check this method by employing the "lodestar method" as well. *In re Bluetooth*, 654 F.3d at 949.

In applying the "lodestar method," the Court multiplies the number of hours the prevailing party reasonably expended by a reasonable hourly rate for the work. *Id.* at 941. The hourly rate may be adjusted for the experience of the attorney. *Id.* "Time spent obtaining an attorneys' fee in common fund cases is not compensable because it does not benefit the Plaintiff class." *In re Wash. Public Power Supply Sys. Secs. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994). The resulting amount is "presumptively reasonable." *In re Bluetooth*, 654 F.3d at 949.

However, "the district court . . . should exclude from the initial fee calculation hours that were not 'reasonable expended.'" *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). The

Court may then adjust this presumptively reasonable amount upward or downward by an appropriate positive or negative multiplier reflecting a whole host of reasonableness factors, including the quality of the representation, the complexity and novelty of the issues, the risk of nonpayment, and, most importantly, the benefit achieved for the class. *In re Bluetooth*, 654 F.3d at 942. The court may find a fee request is excessive but that there is no further evidence class counsel betrayed class interests for its own benefit, and thus uphold the agreement, while lowering the fee award. *Id.*

"[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class actions cases" and "do not, by themselves, create an impermissible conflict between class members and their representative[]." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). Nonetheless, the Court has obligation to assure that the amount requested is fair. *In re Bluetooth*, 654 F.3d at 941. "The propriety of incentive payments is arguably at its height when the award represents a fraction of the class representative's likely damages[.] . . . But we should be more dubious of incentive payments when they make the class representative whole, or (as here) even more than whole." *In re Dry Pampers Litig.*, 724 F.3d 713, 722 (6th Cir. 2013.)

## IV. ANALYSIS

Turning first to the percentage of recovery method, the Court notes that the $175,000 requested for attorneys' fees is 25% of the $700,000 settlement fund and appropriately does not take into consideration the additional injunctive relief obtained. Not surprisingly, giving the long history of this case, the $175,000 is well below the lodestar amount in this case. Hence, the Court finds the $175,000 requested is appropriate.[2]

---

[2] The law firm of Ronald Marron details 2,419 hours of work expended on the case with total attorneys' fees of $1,029,618. (Declaration of Ronald Marron in Support of Motion (ECF No. 259-2) ¶ 5.) The law firm of John Gomez details 248.7 hours of work with attorneys' fees of $139,900. (Declaration of Deborah Dixon in Support of Motion (ECF No. 259-8) ¶ 3.) And the law firm of

The Court has also reviewed Plaintiffs' requests for costs and finds that the $102,544.12 for costs and the $105,000 to administer the settlement is reasonable. Finally, the Court finds that $2,500 for each named Plaintiff is appropriate. The two named Plaintiffs aver that they have been actively involved in the case since 2012. (Declaration of Kathleen Hairston in Support of Joint Motion for Final Settlement (ECF No. 261-3) ("Hairston Decl.") ¶¶ 2; Declaration of Lainie Rideout in Support of Joint Motion for Final Settlement (ECF No. 261-4) ("Rideout Decl.") ¶¶ 2.) They state that they were involved in numerous attorney conferences, answered discovery and helped with the investigation. (Hairston Decl. ¶ 3; Rideout Decl. ¶ 3.) They also both sat for their depositions. (Hairston Decl. ¶ 4; Rideout Decl. ¶ 4.) Hence, the Court finds the $2,500 reflects an adequate and appropriate compensation for the time they invested in the case.

## V. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Awards. (ECF No. 259.) The Court grants Plaintiff $175,000 in Attorneys' Fees, $102,544.12 in Costs, $105,000 for administering the Settlement, and $2,500 for each named plaintiff as an incentive award.

**IT IS SO ORDERED.**

**DATED: August 17, 2017**

Hon. Cynthia Bashant
United States District Judge

---

Dean Goetz details 117.2 hours expended with attorneys' fees totaling $89,220. (Declaration of Dean Goetz in Support of Motion (ECF No. 259-10) ¶ 10.)