# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN, LAINIE RIDEOUT and KATHLEEN HAIRSTON, on behalf of themselves, all others similarly situated, and the general public,<br><br>    Plaintiffs,<br><br>    v.<br><br>SIMILASAN CORPORATION,<br><br>    Defendant. | Case No. 12-cv-00376-BAS-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs filed this class action Complaint back in 2012, alleging that Similasan Corporation ("Similasan") engaged in false or deceptive labeling of its homeopathic products. (ECF No. 58, Third Amended Complaint ("TAC") ("the Action")). Plaintiff Kim Allen withdrew as a named plaintiff leaving Lainie Rideout and Kathleen Hairston as the remaining two named plaintiffs. (ECF No. 69.)

Now pending before the Court is the parties' joint motion for final approval of class action settlement. (ECF No. 261.) The matter came on for hearing on August 7, 2017. The Court has considered the Settlement Agreement and Release attached as Exhibit 1 to the Declaration of Deborah Dixon in Support of Joint Motion for Order Granting Preliminary Approval filed on April 8, 2017 (ECF No. 257-4 ("Settlement" or "Settlement Agreement")), the record in the above-entitled lawsuit and the

arguments and authorities of counsel. For the reasons stated below, the Court **GRANTS** this Motion. (ECF No. 261.)

## I. PROPOSED SETTLEMENT

The proposed Settlement Agreement applies to class members ("Class" or "Class Members") defined as:

> purchasers of all Similasan Corporation homeopathic Products nationwide for personal or household use and not for resale, as listed in Exhibit A to this Agreement from February 10, 2008 to the present.

(Settlement § 2.6.)

The Settlement contemplates that Similasan will establish a fund of $700,000. (Settlement Agreement § 5.1.2.) Class members may submit a claim form with a declaration that they purchased a class product that did not provide any relief. (*Id.* § 6.2.) Alternatively, class members may submit a proof of purchase for each class product purchased. (*Id.*) Claimants without a proof of purchase are limited to one claim. Claimants with a valid proof of purchase may submit a claim for each class product purchased. (*Id.*)

Claimants submitting a proof of purchase are entitled to full repayment of their purchase price. Claimants submitting a declaration are entitled to reimbursement which counsel estimates will be at least $3.50. (Decl. of Deborah Dixon in Support of Joint Motion for Order Granting Final Approval of Class Action Settlement (ECF No. 261-2) ¶ 5.) This amount is just under the national average for each product. (*Id.*) In addition to monetary consideration for the Settlement, Similasan has agreed to make label changes to its products, providing more information to future purchasers of the products, something Plaintiffs have sought since the outset of the case. (Settlement Agreement § 5.2.)

In return for these benefits, Plaintiffs and Settlement Class Members will release Defendant from any claims arising from the allegations in the operative complaint concerning the class products. (Settlement Agreement § 8.) Class members

1 will not waive any right to pursue personal injury claims or redress their claims, if
2 any, with any governmental agency. (*Id.*)

3 **II. ANALYSIS**

4       The Ninth Circuit maintains a "strong judicial policy" that favors the settlement
5 of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).
6 However, Federal Rule of Civil Procedure 23(e) first "require[s] the district court to
7 determine whether a proposed settlement is fundamentally fair, adequate, and
8 reasonable." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000)
9 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Where the
10 "parties reach a settlement agreement prior to class certification, courts must peruse
11 the proposed compromise to ratify both the propriety of the certification and the
12 fairness of the settlement." *Stanton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).
13 In these situations, settlement approval "requires a higher standard of fairness and a
14 more probing inquiry than may normally be required under Rule 23(e)." *Dennis v.*
15 *Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (internal quotation marks omitted).
16 Before granting preliminary approval of a class-action settlement, the Court must first
17 determine whether the proposed class can be certified. *Amchem Prods., Inc. v.*
18 *Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply
19 "undiluted, even heightened, attention [to class certification] in the settlement
20 context" in order to protect absentees).

21       For the reasons outlined in the Court's Order Granting Joint Motion for
22 Preliminary Approval of Class Action Settlement (ECF No. 258), the Court concludes
23 that class certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil
24 Procedure is appropriate in this case.

25       The Court further finds that the Proposed Settlement is "fair, adequate and
26 reasonable" under Rule 23(e) of the Federal Rules of Civil Procedure. "It is the
27 settlement taken as a whole, rather than the individual component parts, that must be
28 examined for overall fairness." *Hanlon*, 150 F.3d at 1026. A court may not "delete,

modify or substitute certain provisions" of the settlement; rather, "[t]he settlement must stand or fall in its entirety." *Id.*

"[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Hanlon*, 150 F.3d at 1026. Consequently, a district court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Other relevant factors to this determination include, among others, "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class-action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026; *see also Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Here, as outlined in the Court's Order Granting Preliminary Approval of the Class Action Settlement (ECF No. 258), the parties' Joint Settlement Agreement complies with all of these requirements.

The Court previously approved the form and manner of Notice to the class members. (ECF No. 258.) The Court now finds the Class Notice program was executed as previously detailed in its Order. (Declaration of Michelle Gillette in Support of Joint Motion for Order Granting Final Approval of Class Action Settlement–CAFA Compliance (ECF No. 262); Declaration of Compliance by Class Action Administrator Gajan Retnasaba (ECF No. 263.). The Court finds the class notice satisfies due process. The Settlement Administrator has received no objections to the settlement or requests for exclusion (*Id.*)

Although the settlement may not result in a full refund to every Class Member, the Court finds it is fundamentally fair, given the harm that was alleged. *See Lane v.*

*Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) ("[T]he question whether a settlement is fundamentally fair within the meaning of Rule 23(e) is different from the question whether the settlement is perfect in the estimation of the reviewing court.")

## III. CONCLUSION

For the reasons stated both in this Order as well as its previous Order Granting Preliminary Approval of the Class Action Settlement, the Court **GRANTS** the parties' Joint Motion for Final Approval of Class Action Settlement. (ECF No. 261.)

The Court ORDERS as follows:

1. The Judgment incorporates by reference the definitions in the Settlement, including its exhibits, and all terms used herein shall have the same meanings as set forth in the Settlement;

2. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class members;

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the following Class for settlement purposes:

    purchasers of all Similasan Corporation homeopathic Products nationwide for personal or household use and not for resale, as listed in Exhibit A to this Agreement from February 10, 2008 to the present.

4. Pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure, all such persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Settlement Class, are Settlement Class Members bound by this Judgment.

5. Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the Court finds that the named plaintiffs in this Action, Lainie Rideout and Kathleen Hairston are members of the Settlement Class, his/her claims are typical of the Settlement Class, and he/she fairly and adequately protected the interests of the Settlement Class throughout the Proceedings in the Action. Accordingly, the Court appoints Lainie Rideout and Kathleen Hairston as Class Representatives.

6. The Court finds that the Settlement Class meets all requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure for certification of the class claims alleged in the Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representative and Class Counsel; (e) predominance of common questions of fact and law among the Class; and (f) superiority;

7. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court finds that the Law Offices of Ronald A. Marron, APLC; Gomez Trial Attorneys; and the Law Offices of Dean Goetz have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement, and thus appoints these lawyers as Class Counsel for the Settlement Class;

8. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Claims Administrator caused the Class Notice to be disseminated as ordered. The Class Notice advised Class Members of the terms of the Settlement, of the Final Approval Hearing, and their right to appear at such hearing, of their rights to remain in or opt out of the Settlement Class and to object to the Settlement, procedures for exercising such rights, and the binding effect of this Judgment to the Settlement Class;

9. The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, 28 U.S.C. §1714, and any other applicable law;

10. The Settlement proposed by the parties is fair, reasonable and adequate. The terms and provisions of the Settlement are the product of lengthy, arms-length negotiations conducted in good faith. Approval of the Settlement will result in substantial savings of time, money and effort to the Court and the parties, and will further the interests of justice;

11. No Class Members have timely or validly submitted requests for exclusion from the class. Therefore, all Settlement Class Members are bound by this Judgment and by the terms of the Settlement;

12. The Court awards attorney's fees, costs and an incentive service award to Class Counsel and the named Plaintiffs as set forth in the Court Order submitted simultaneously with this Order;

13. The Court dismisses with prejudice the Action and all released claims set forth in the Settlement Agreement;

14. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement;

15. There is no just reason for delay in the entry of this Final Judgment and Order approving Settlement and immediate entry by the Clerk of the Court is expressly directly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED: August 17, 2017**

Hon. Cynthia Bashant
United States District Judge